## ROWE et al. v. BACIGALLUPPI et al.

A MISJOINDER of parties plaintiff must be objected to by demurrer or answer, and cannot in the absence of such objection be made a ground for nonsuiting such of the plaintiffs as show themselves entitled to recover.

One tenant in common in a mining claim may, as against mere trespassers, recover in ejectment the entire claim.

In an action brought by several plaintiffs to recover a mining claim the answer, without alleging any misjoinder, denied plaintiffs' title and asserted an independent and better title in defendants, and the proofs showed that some of plaintiffs had no interest, and that others of them had a title superior to that of defendants as tenants in common with persons not made parties: *Held*, that those of plaintiffs thus showing title should recover of defendants the entire premises.

APPEAL from the Sixteenth Judicial District.

The plaintiffs (seven in number) sued to recover a mining claim, averring in their complaint title and right to possession in themselves and an entry and ouster by defendants.

The answer denied the plaintiffs' title, admitted possession in defendants, and asserted their right to possession by virtue of an independent and better title.

Plaintiffs proved on the trial that a number of persons, composing what was commonly called the " Morgan Company," located the

41

claim in 1852, and that it was afterward worked and possessed by persons claiming to be members of that company down to the time of the eviction by defendants, in 1859, and that W. S. Rowe, one of the plaintiffs, was also one of the original locators and still retained his interest.    The other plaintiffs were not original locators and as to most of them there was no proof showing that they had ever acquired any interest in the claims.

Defendants moved for a nonsuit on the following ground : " That the claim in dispute was located, owned, and in the possession of other parties (except plaintiff Rowe) than the plaintiffs, and that plaintiffs have not shown any sale or transfer by deed, bill of sale, or otherwise, from the original owners to themselves."

The Court granted the motion and entered judgment accordingly, from which the plaintiffs appeal.

*H. P. Barber,* for Appellant.

I.    By section forty-five of the Practice Act objection to a misjoinder or nonjoinder of parties not apparent on the record must be taken by answer, or " the defendant shall be deemed to have waived the same."    (1 Cal. 175 ; 4 Id. 313 ; 6 Id. 164 ; 16 Id. 557.)

II.    The plaintiff Rowe is admitted to have been in actual possession from 1853 up to 1859, the time of the eviction.    His possession was long anterior to that of defendants, and as no evidence was given by them tending to show any right of possession it is difficult to conceive why he was not entitled to recover the possession of the entire premises.    (*Touchard* v. *Crow*, 20 Cal. 150 ; *Clark* v. *Huber*, Id. 196.)

He was a tenant in common, and the possession of one tenant in common is the possession of all.    (*Waring* v. *Crow*, 11 Cal. 366.) And ejectment under our system is a mere possessory action. (*Yount* v. *Howell*, 14 Cal. 466.)

*Caleb Dorsey,* for Respondents.

Appellants contend that if any of the matters stated in section forty of the Practice Act do not appear on the face of the complaint, but in reality exist, the objection to those matters if not taken by demurrer or answer is waived.    How such an objection

Rowe v. Bacigalluppi.

could be taken either by demurrer or answer I cannot perceive. The matters in the complaint to which objections can be taken, either by demurrer or answer, must appear on the face of the complaint, or be within the knowledge of defendants. In this case, the want of common interest in the subject matter in dispute on the part of plaintiffs was not discovered until it was disclosed by the evidence adduced at the trial. As those matters did not appear on the face of the complaint, and were not within the knowledge of defendants, it was impossible to take the objection by answer. Whenever the want of common interest on the part of plaintiff, during the progress of the case, is discovered from the evidence, a motion for a nonsuit is proper. (*McDonald & Blackburn* v. *The Bear River and Auburn W. & M. Co.*, 13 Cal. 238.)

Although, under our statute, joint-tenants and tenants in common can jointly or severally bring or defend any civil action, still when the action is brought jointly they must prove a joint interest in all to enable them to recover; for if all do not recover none can.

COPE, J. delivered the opinion of the Court—FIELD, C. J. concurring.

This is an action to recover possession of a mining claim in the county of Calaveras. The appeal is from a judgment of nonsuit, and the only question is whether the nonsuit was properly granted. It was granted on the ground of a misjoinder of parties, there being as to some of the parties plaintiff no evidence of any interest in the subject matter of the suit.

By the forty-fifth section of the Practice Act objections to the misjoinder or nonjoinder of parties must be taken either by demurrer or by answer, and if not so taken are to be deemed waived. In this case the objection was not taken by demurrer or by the answer, and we are of opinion that the nonsuit ought not to have been granted except as to the parties who failed to establish an interest in the property. It is admitted that as to the plaintiff Rowe the evidence was sufficient, and under the statute no question of a misjoinder could arise at the trial preventing a recovery on his part. His position, according to the complaint, was that of a tenant in common with the other plaintiffs, and as against mere

trespassers, as the defendants would seem to be, there can be no doubt of his right to recover.

Judgment reversed and cause remanded for a new trial.