PARCHEN, respondent, *v.* PECK, appellant.

PRACTICE — *waiver of defect of parties by defendant.* A. brought this action against B. as the surviving partner of the firm of B. and C. The firm was composed of B., C. and D., but the answer of B. did not set forth that D. was a partner, or that there was a non-joinder of parties, and judgment was entered against B. alone. *Held,* that B. waived the defect of parties by failing to take advantage of it by demurrer or answer, and that the judgment was properly entered.

EVIDENCE — *authentication of articles of incorporation.* In this action B. claimed that the firm had been incorporated under the laws of the State of Iowa, that required the articles of incorporation to be recorded in the offices of the secretary of State and recorder of deeds of the proper county. The statutes of this Territory do not prescribe the manner in which the articles should be authenticated to entitle them to be offered in evidence. The laws of the United States require a certificate by the governor, a justice, or certain other officers, that the attestation is in due form of law. *Held,* that the articles of incorporation could not be admitted in evidence without the certificate of the attestation by the proper officer, or proof of user.

INSTRUCTIONS — *evidence.* Courts should not state evidence to the jury in the form of an instruction, nor give an instruction when there is no evidence requiring it. Courts determine whether there is any evidence tending to establish a fact, and the jury determine whether the evidence does establish the fact.

ERROR NO INJURY. A judgment will not be reversed when the instructions contain error, if no injury has been done.

*Appeal from Third District, Lewis and Clarke County.*

THIS action was tried by WADE, J., with a jury. The following instructions are referred to in the opinion, and were given on behalf of the plaintiffs and respondents.

2. The first question which, by the pleadings in the case, we are to consider is, as to the character of the North-west Transportation Company, the plaintiffs alleging it to be a copartnership, and defendants averring it to be an incorporation.  Ordinarily where two or more men jointly engage in such business as the transportation of merchandise on their joint accounts for a reward, the persons will be held liable for any breach of contract or damages for carelessness in their individual capacity, and as partners, and if this defendant and others so engaged he is liable on his contract unless he shows he has the shield of a corporation.

3. The secure transportation of goods without loss to the shipper, being the ordinary business of transportation companies and within their legitimate pretensions, and this company having in its advertisements made its superior facilities for insurance a method of securing patrons, if its general agent undertook, as part of the contract of transportation, to secure or place insurance for defendants on goods transported over its line, this would bind the company.

4. If you should find this company was a firm, company or corporation, and Peck was one of its members, it need make no difference with you that Coulson or others were also members, if Peck and Durfee were.

5. If the defendants, as alleged, undertook to inform the insurance agents with whom their goods were sought to be insured on the boats on which they were shipped from Sioux City, and this was part of the contract of transportation, and they misinformed such insurance agents so that the insurance was misplaced, and this occurred through the carelessness or neglect of defendants, and the goods were lost, and the insurance, by such misinformation, carelessness or neglect, was lost to plaintiffs, then they would be entitled to recover.

9. A general agent has authority to make any contract within the scope of the business for the doing of which his principal advertises him as general agent, and cannot repudiate liability thereon in any way but by showing such authority had been withdrawn by the principal.

10. Authority of an agent is express or implied.  And a general agent has authority in all cases of dealing with third persons

ignorant of his actual instructions, to bind his principal to all acts customary, convenient and necessary for the carrying out the business of the agency.

13. Whenever a general agent, acting within and about the business of his principal intrusted to him, transcends the actual authority conferred, the principal must abide by the act of his agent. His only remedy is against the agent for having transcended his instructions. His remedy is not by repudiating the acts of his general agent.

The following instructions were modified by the court and given on behalf of appellants, and are referred to in the opinion.

2. If the jury find from the evidence that the averment of the making of such contract is alone supported by the evidence of W. S. Paynter, one of the plaintiffs, and that such averment is disproved by the evidence of Sam. De Bow, and they give equal weight and credit to the evidence of the plaintiff Paynter and the said De Bow, then the jury should find for defendant.

3. The jury in examining and giving weight and credit to the evidence of the said De Bow. and the said Paynter, should consider the interests of the parties (that the said Paynter has a direct interest in the result of this said suit, and that the said De Bow testified that he has no interest in said action, which evidence is uncontradicted).

The above clause in the parenthesis was struck out by the court.

4. If the said Sam. De Bow was acting as the agent of said North-west Transportation Company, and no power had been given him to make contracts of insurance, then said company would not be bound by, or held liable upon any contracts to insure made by the said De Bow.

5. Upon this power of said De Bow to insure, if the jury should .find from the evidence that there is no evidence tending to show that such power had been conferred upon him, but, on the other hand, it is proven by the evidence of said De Bow, Peck, Durfee and others that no such power was given, then the jury must find for the defendant.

CHUMASERO & CHADWICK, for appellant.

Respondents did not prove their allegation that Durfee and

Peck were partners. They proved that Durfee, Peck and T. B. Coulson composed the firm. This action is against Peck alone. When a suit is brought by or against partners, all of them must be joined in the suit. Barbour on Parties, 523, § 17; Civ. Pr. Act, § 14.

The certificate of incorporation of appellants should have been read in evidence. It was sufficiently certified.

The instructions were erroneous, argumentative and calculated to mislead the jury.

SANDERS & CULLEN, for respondent.

Peck waived defect or misjoinder of parties by not pleading the same. Civ. Pr. Act, § 55. The answer does not plead that Coulson was a partner.

The record of the incorporation of appellants was not properly authenticated. There was no proof that there was any organization under it. U. S. Rev. Sts., § 906. Appellants' objections, based upon insufficiency of the evidence, cannot be considered. The record nowhere says it contains all the evidence.

The instructions were correct and fair.

KNOWLES, J. The respondents brought this action against the appellant for damages in failing to insure certain goods, which were lost on a steamboat, the Ida Reece, No. 2. The main issue is this: Did the appellant contract with the respondents to insure their goods? The jury found that he did. We cannot review this matter because a part of the evidence before the jury is not presented in the record — the advertisement of the North-west Transportation Company in the Helena *Herald*, and some letters. There is some evidence in the record tending to establish the contract, and it is well settled that an appellate court will not review the verdict of a jury under these circumstances.

The evidence shows that the North-west Transportation Company was a firm which was organized in 1871, and composed of the appellant, Durfee and Coulson. Durfee has since died. It is claimed that the court erred in proceeding against Peck, and that Coulson should have been joined with him. The respondents allege that Durfee and Peck composed the firm known as the North-west Transportation Company, that Durfee had died and

Peck was the survivor. This was denied, but the appellant did not set forth in his answer that Coulson was a member of the firm, or that there was a non-joinder of parties. Can judgment be entered against Peck under the issues? If a defect or mis-joinder of parties appears upon the face of the complaint, the defendant should demur. Civ. Pr. Act, § 50. If it does not so appear, the objection should be taken by the answer. Civ. Pr. Act, § 54. If the objection is not taken by demurrer or answer, "the defendant shall be deemed to have waived the same." Civ. Pr. Act, § 55. These sections have been interpreted in the following cases: *Fosgate* v. *Herkimer M. Co.*, 12 N. Y. 584; *Zabriskie* v. *Smith*, 13 N. Y. 336; Voorhies' Code, § 148. According to these authorities, we hold that the appellant waived any objection that Coulson was not a party by his omission to point out the same.

The refusal of the court to admit in evidence the articles of incorporation is assigned as error. The laws of Iowa, under which it is claimed that the North-west Transportation Company was incorporated, provides that a corporation shall be organized by articles of incorporation, which shall be recorded in the offices of the recorder and secretary of State. Iowa Code, 1873, 183. To entitle the records of these articles to be admitted in evidence in this Territory, how should they be authenticated? There are no statutes of this Territory providing in what manner a record of this character should be authenticated for this purpose. Then the laws of the United States upon this subject must be complied with. In addition to the attestation by the recorder of deeds of the county, where the corporation has its principal place of business, and the secretary of State of Iowa, with the seal of said State, there should be to each attestation respectively "a certificate of the presiding justice of the court of the county, parish or district in which such office may be kept, or of the governor, secretary of State, the chancellor or keeper of the great seal of the State, * * * that the said attestation is in due form, and by the proper officers." U. S. Rev. Sts., § 906. No certificate by any of said officers is attached to the certificate or attestation of the said recorder or secretary. The secretary of State did not add any such certificate to his own attestation. The articles of incorporation were properly rejected.

These articles might have been excluded upon another ground: there was no offer to follow them up and prove user, that is, that this corporation actually organized and entered upon the business for which it was incorporated, or that its principal place of business was in the county where the said articles were recorded with the recorder of deeds.

The modifications by the court of the instructions asked by the appellant were proper. The second instruction was modified to prevent the jury from being misled by the first part of it. The modification of the third instruction was, in effect, the erasure of a statement of the evidence, and the legal principle was not changed. A court is not required to state evidence to a jury in the form of an instruction. The fourth instruction was so modified as to present to the jury the fact, whether the appellant by implication had any authority to procure the insurance. The instruction, as asked, might be subject to the interpretation that the plaintiffs must prove that the said De Bow had direct authority to enter into contracts for procuring insurance. The modification was made to present the other proposition — an implied authority to make it. It is evident from the instructions that there was some evidence introduced on the trial which tended to show that the appellant and his partner had held themselves out as procurers of insurance of goods shipped over their line. The said De Bow was the general agent of these parties in New York. The inference was that his agency also extended to the branch of the business of procuring insurance. All the evidence upon this point is not before us. If there was testimony that De Bow had any implied authority, from the fact that he was the general agent of Durfee and Peck, to make contracts for insurance, no instruction should be given which would exclude the same from the jury.

The modification of the fifth instruction may have made it correct, but without the modification the instruction was certainly improper. Whether there is any evidence tending to establish a fact is a question for the court. Whether the evidence does establish a fact is a question for the jury. This instruction is ambiguous. Its effect is, that, if the plaintiffs have introduced no

evidence tending to show that De Bow had authority to contract to procure insurance, and the defendant has assumed to prove the negative, and had proved by certain witnesses that De Bow had no such authority, the jury should find for the defendant. If there was no evidence tending to establish a fact, the court should not submit the question whether there was or not to the jury. Nor should the court allow the jury to determine whether the defendant has assumed the burden of proof and established a negative, which he was not required to do. Owing to the absence of evidence from the record, we cannot decide that the defendant did or did not prove the negative. The giving of the instruction as modified is not an error of which the appellant can complain. If the instruction was proper, the modification did not make it improper.

The appellants saved exceptions to every instruction given on the part of the respondent. Not one authority is cited in support of the allegations of error in these instructions. A brief, which makes the following points, is hardly worthy of serious consideration. "The fifth instruction was erroneous." "The ninth and tenth instructions were not law and were calculated to mislead the jury." "The thirteenth instruction was erroneous and calculated to mislead the jury." Some of the points, in which the error is specified, are like the following: "The second instruction asked for by plaintiff was erroneous. The liability, if any, was a joint liability of the defendants; if the defendants were partners then the liability was not simply individual as the jury were instructed." What kind of a liability is that of a partner if it is not individual? He does not act in a representative capacity and his liability may be several, but it is individual. The objection to the third instruction does not state correctly the instruction but we cannot review it because the advertisement referred to is not a part of the record.

There is evidently a clerical mistake in the fourth instruction as to the word "corporation," but how were the jury misled by it? They did not find that the appellant was a member of a corporation, for all competent evidence to establish this fact had been excluded. If the jury could have found that Peck was a member of a corporation under the evidence, then the instruction

that he was individually liable might be error of which the appellant could complain. It is not every error in an instruction that will reverse a case. The error must work an injury. An erroneous instruction upon an immaterial point, or one not involved in the case, will not usually cause the reversal of a case. It must be shown to us where the error worked an injury, and this instruction could not have been injurious.

It is not necessary to discuss the objections to the remaining instructions. It is sufficient to say that they are not well taken. The appellant complains that certain facts are assumed in the instructions, but he has not made all the evidence a part of the record, and we cannot tell whether or not they are correct. Other objections assume that the instruction is what it is not.

*Judgment affirmed.*