·CHURCH, RESPONDENT, *v.* ZYWERT, APPELLANT.

,(No.  4,141.)

(Submitted April 14, 1920.  Decided May 24, 1920.)

[190 Pac. 291.]

*Sales—Breach of Contract—Measure of Damages—Evidence— Defect of Parties—Waiver.*

Sales—Breach of Contract—Measure of Damages.
   1.  Where, in an action for the breach of a contract of sale of cattle, the proof sufficiently showed the market price nearest the place of delivery in Montana to enable the jury to arrive at the measure of damages established by section 6081, Revised Codes, admission in evidence of the price actually received for them at Omaha, Nebraska, did not constitute reversible error.

Defect of Parties—Objection—How Taken—Waiver.
   2.  Under Revised Codes, section 6534, if a defect of parties appears on the face of the complaint, it must be taken advantage of by demurrer, which, under section 6535, must point out specifically the defect relied on; where it does not so appear, objection may be taken by answer (section 6538); if not so taken, the defect is deemed waived in either case.

Same—Waiver.
   3.  *Held,* under the above rules (par. 2), that defendant, who at the time he filed his answer was cognizant of facts constituting an alleged partnership between plaintiff and another in the transaction at issue, failed to raise the question of defect of parties by his pleading, waived the objection.

*Appeal from District Court, Yellowstone County; A. C. Spencer,* Judge.

ACTION by A. J. Church against J. Zywert. From a judgment for plaintiff and an order denying him a new trial, defendant appeals. Affirmed.

Cause submitted on briefs of Counsel.

*Mr. H. C. Crippen*, for Appellant.

The market value at Billings, Montana, the place of delivery of the cattle was not made the basis of the verdict in this case. It is clearly apparent from the verdict, which was for the exact amount asked for as damages in the complaint, that the jury based its verdict upon the market at Omaha, Nebraska, where they were sold.

"The general rule is that the measure of damages, when the buyer repudiates the contract and refuses to receive and accept the goods, is the difference between the contract price and the market value of the goods at the time and place of delivery." (35 Cyc. 592.) "The market value means the usual and ordinary selling price of the goods at the place of delivery, but if there is no market at the place of delivery, the market value at the nearest point where there is a market may be taken." (*Id.;* 2 Encyclopedia of Evidence, 593, 594; *Welch* v. *Nichols*, 41 Mont. 435, 110 Pac. 89.) Before the market price of the cattle in controversy could be shown, at Omaha or at any other place, it would first have to be shown that there was no market for the same at Billings, and this was not done.

The real party in interest did not bring the action and there is a fatal variance between the pleading and the proof as to parties. The defendant maintains that he did not know Church individually in any dealings with regard to the cattle in question; that he supposed Church and Runkle were partners; that they represented themselves to him as partners, and that they were known generally as partners in the cattle business, and especially in connection with the bunch of cattle in question. The testimony of plaintiff himself, that in this deal

he and Runkle were to share equally in the profits or losses, shows conclusively that a partnership did exist between Church and Runkle. See the following cases: *Bowman & Cockrel* v. *Ed. Blanton & Co.*, 141 Ky. 407, 132 S. W. 1041; *Bank of Overton* v. *Thompson*, 118 Fed. 798, 56 C. C. A. 554; *Dawson* v. *Blitch*, 11 Ga. App. 840, 76 S. E. 596; *Steckman* v. *Galt State Bank*, 126 Mo. App. 664, 105 S. W. 674; *McNealy* v. *Bartlett*, 123 Mo. App. 58, 99 S. W. 767; see, also, 30 Cyc. 379, and cases there cited.

If there was a partnership existing between Runkle and Church in regard to these cattle, then Mr. Runkle was a necessary party plaintiff in the action, and the proof of a contract between the defendant and Church and Runkle would not substantiate the allegations of the complaint in this action, which sets up a contract between the defendant and Church individually. (*Bumpus* v. *Turgeon*, 98 Me. 550, 57 Atl. 883; *De Wit* v. *Lander*, 72 Wis. 120, 39 N. W. 349; *Kalamazoo Trust Co.* v. *Merrill*, 159 Mich. 649, 124 N. W. 597; *Leola Lbr. Co.* v. *Bozarth*, 91 Ark. 10, 120 S. W. 152; 30 Cyc. 561.)

If the court should hold that the evidence in the case was insufficient as a matter of law to prove that a partnership did exist, certainly there was sufficient evidence of the matter to go to the jury, and if the jury should find under the instructions of the court that there was a partnership, then the defendant was entitled to a verdict in his behalf. (*Moning Dry Goods Co.* v. *Wiseman*, 60 Okl. 94, 159 Pac. 259; *Holeling* v. *McCarty*, 46 Okl. 541, 149 Pac. 142; *Seabury & Johnson* v. *Bolles*, 51 N. J. L. 103, 11 L. R. A. 136, 16 Atl. 54; *Waggoner* v. *First Nat. Bank*, 43 Neb. 84, 61 N. W. 112; *First Nat. Bank* v. *Freeman*, 47 Mich. 408, 11 N. W. 219; *Manegold* v. *Grange*, 70 Wis. 575, 36 N. W. 263.)

If there was a partnership, then there was a fatal variance between the pleading in the complaint and the proof submitted in support thereof, and defendant was entitled to a verdict. The defendant, therefore, contends that the court

erred in refusing to submit the question of partnership to the jury.

*Mr. C. R. Ingle,* for Respondent.

The court properly instructed the jury that the measure of damages was the difference in the market value of the cattle, at Billings, and the contract price, as provided in section 6081, Revised Codes. The fact that the jury found only $1,350 damages is due to the fact the court instructed them that this amount was the limit of their finding under the complaint while the proof actually showed a greater amount, based on the measure of damages.

Defendant, by assignment of error, No. 4, attempts to raise his main contention, that is, that there is a defect or misjoinder of parties plaintiff. The objection not appearing upon the face of the complaint could only be taken by answer. (Sec. 6534, Rev. Codes.) An examination of the answer will disclose that no such affirmative defense is alleged and that the answer is nothing more than a general denial of the allegations of the complaint. Therefore defendant has waived the question. (Sec. 6539, Rev. Codes; *Parchen* v. *Peck,* 2 Mont. 567; *Conklin* v. *Fox,* 3 Mont. 208, 211; *Knatz* v. *Wise,* 16 Mont. 555, 41 Pac. 710; *Logan* v. *Billings & Nor. R. Co.,* 40 Mont. 467, 107 Pac. 415.) A partnership did not exist between plaintiff and Runkle. (See *Flathead County State Bank* v. *Ingham,* 51 Mont. 438, 153 Pac. 1005; *Beasley* v. *Berry,* 33 Mont. 477, 482, 84 Pac. 791.)

MR. JUSTICE MATTHEWS delivered the opinion of the court.

The complaint herein alleges that plaintiff sold to defendant, at an agreed price per pound, approximately 100 head of cattle, to be delivered in lots during the months of August and September, 1916; that the first delivery was made August 1, received and paid for by defendant, but that thereafter, by reason of a decline in the market, he refused to receive and

pay for the remainder of the cattle, although plaintiff was at all times ready, willing and able to make the deliveries, and that by reason of the breach of the contract plaintiff was forced to sell at a loss, on the Billings market, of $1,350.75.

In his brief, counsel for defendant states: "The theory of the defendant, as shown by his answer, was that whatever dealings he had with regard to the purchase of the cattle was had by him with the plaintiff and one Runkle, as partners. This theory is borne out by the evidence of the plaintiff." The answer, however, merely denies specifically each of the allegations of the complaint, and goes no further. It contains no averment suggesting that defendant had any dealings with either Church or Church and Runkle; nor does it contain any intimation that plaintiff, in his individual capacity, was not the proper party plaintiff.

On the trial defendant was permitted, without objection, to show that while Church purchased the cattle and was sole owner of them, he had an agreement with Runkle that the latter was to assist in disposing of them, and was to receive one-half of the profit, if any, and to share any loss sustained. Both parties having rested, defendant moved for a directed verdict on the ground of nonjoinder of parties, insufficiency of the evidence as to the market value at Billings, and that the complaint did not state a cause of action, which latter objection also referred to suit by Church in his individual capacity. The motion was overruled, and the court refused all offered instructions based on the assumption that a partnership existed. The jury returned a verdict for the amount sued for. Defendant moved for a new trial, which motion was denied. The appeal is from the judgment and from the order denying his motion for a new trial.

1. The first assignment of error is predicated on the court's [1] action in overruling defendant's objection to the question, "What did you receive for the cattle at Omaha?" While it is true that the measure of damages is deemed to be the difference between the contract price and the price which

the seller could have obtained in the market nearest the place of delivery under the contract (sec. 6081, Rev. Codes; *Brazell* v. *Cohn*, 32 Mont. 556, 81 Pac. 339), and therefore the admission of proof of the price received in a different market, alone, for the purpose of fixing the damages, would constitute error, the plaintiff only incidentally proved the actual amount received for the cattle and thereafter introduced evidence of the market value of the cattle in the proper market. There is no error assigned on the insufficiency of this evidence; and the court properly instructed the jury as to the measure of damages under the statute. If, therefore, the ruling of the court was erroneous, it could not have affected the substantial rights of the parties, and must be disregarded. (Sec. 9415, Rev. Codes; *State ex rel. Nipp* v. *District Court*, 46 Mont. 425, Ann. Cas. 1916B, 256, 128 Pac. 590.)

2. The remaining assignments are directed to the action of the court in its refusal to direct a verdict, refusal to give certain offered instructions, and in overruling the motion for a new trial, and are all based on the contention that the evidence disclosed a partnership. They will therefore be considered together.

The facts on which defendant relies were known to him at [2, 3] the time he drew and filed his answer. They do not appear on the face of the complaint. Under our Code, if a defect in parties appears on the face of the complaint, it must be taken advantage of by demurrer (Rev. Codes, sec. 6534), and the demurrer must point out specifically the defect relied upon (section 6535). (*Poe* v. *Sheridan County*, 52 Mont. 279, 157 Pac. 185.) When not so appearing, the objection may be taken by answer. (Section 6538.) "If no objection is taken, either by demurrer or answer, the defendant must be deemed to have waived the same." (Section 6539.) These provisions have been in effect since territorial days, the only change being that in the last provision quoted the word "must" has been substituted for that of "shall," and were construed in the case of *Parchen* v. *Peck*, 2 Mont. 567, where the court

said: "The evidence shows that the Northwest Transportation Company was a firm * * * composed of the appellant, Durfee and Coulson. Durfee has since died. It is claimed that the court erred in proceeding against Peck, and that Coulson should have been joined with him. * * * The appellant did not set forth in his answer that Coulson was a member of the firm, or that there was a nonjoinder of parties. Can judgment be entered against Peck under the issues?" The court then quotes the provisions of the Civil Practice Act referred to, and continues: "These sections have been interpreted in the following cases: *Fosgate* v. *Herkimer M. Co.,* 12 N. Y. 584; *Zabriskie* v. *Smith,* 13 N. Y. 336; Voorhies' Code, sec. 148. According to these authorities, we hold that the appellant waived any objection that Coulson was not a party by his omission to point out the same."

The provisions of our Codes and the above decision are in accord with the general rules on the subject, noted in Cyc. as follows: "A defense that the plaintiff is not the real party in interest and hence has no right to sue must be specially pleaded in bar. * * * The rule usually adopted under the Code provision, that the answer may set forth as many grounds of defense as the defendant may have, is that nonjoinder of a party may be pleaded together with matter in bar. The objection that there is a defect of parties must be presented in the answer in a clear and distinct manner. In analogy to a plea in abatement which must be so specific as to omitted parties as to give plaintiff a better writ, an answer setting up a defect of parties must state the omitted parties precisely and truly and facts should be alleged showing that they are necessary parties. * * * So an answer setting up nonjoinder of plaintiffs must distinctly set up such defense and specifically show wherein the defect consists and who should have been joined as parties." (31 Cyc. 219, 220, 221, and cases cited.)

In *Conklin* v. *Fox,* 3 Mont. 208, action was brought on an account for goods sold, alleging that Fox with two others were

partners. Service was had on Fox alone, and he filed his separate answer, denying the allegations of the complaint. It was contended by counsel, as here, that the question of misjoinder was raised by the answer, but the court held that, by his failure to plead the fact "appellant waived his objection to the misjoinder of the parties defendant," that the allegation of a partnership would be treated as surplusage, and that the entry of judgment against appellant alone was proper.

In the case of *Zabriskie* v. *Smith*, 13 N. Y. 322, 64 Am. Dec. 551, the question was raised as to whether, under the rule stated above, the court could dispose of the subject matter of the suit in its entirety; the court held that: "Partners are joint tenants of all partnership effects; * * * joint tenants are not owners of separate shares. Each joint owner has title to the entirety. * * * I am, therefore, of opinion that where the defendant permits one or more of several joint tenants to sue alone * * * the recovery should be for the damages sustained by all the joint tenants."

Runkle was personally present and took part in the trial, asserting no rights therein and disclaiming any interest in the cattle; if a partner, he was a joint tenant with Church; and, Church having secured judgment for all damages sustained, Runkle could not thereafter maintain an action against appellant. As was said in the case of *Gilland* v. *Union Pac. Ry. Co.*, 6 Wyo. 185, 43 Pac. 508, the plea of misjoinder or nonjoinder of parties was regarded at common law, and is still regarded under the Codes as a dilatory defense of which, to be availing, timely advantage must be taken. If the facts established on the trial are true, defendant is in no worse position than he would be in an action by the joint tenants, and his substantial rights have not been affected. Having failed to plead a nonjoinder of parties plaintiff, defendant waived the objection, and the lower court was justified in disregarding his motion for a directed verdict, and in its refusal of the offered instructions on the subject.

We find no substantial error in the record, and the judgment and order of the district court are therefore affirmed.

*Affirmed.*

ASSOCIATE JUSTICES HOLLOWAY, HURLY and COOPER concur.

MR. CHIEF JUSTICE BRANTLY, being absent, takes no part in the foregoing decision.

