FROST ET AL., APPELLANTS, *v.* LONG & CO. ET AL.,
RESPONDENTS.

(No. 5,069.)

(Submitted March 7, 1923. Decided March 15, 1923.)

[213 Pac. 1107.]

*Conversion—Parties. Plaintiff—Misjoinder—Proper Remedy—
Nonsuit Improper.*

Pleading and Practice—Misjoinder of Parties Plaintiff—Proper Remedy.
1.  Where it appears on the face of the complaint that causes of
action have been improperly united or that there is a misjoinder of
parties plaintiff, the objection must be by demurrer; otherwise it is
deemed waived.
Same—Causes of Action—Parties—Misjoinder—Nonsuit.
2.  Misjoinder of parties plaintiff and the fact that causes of action
have been improperly united are not alone sufficient to sustain a
motion for nonsuit.
Conversion—Parties Plaintiff—Proper Joinder.
3.  Where one plaintiff was the owner of cattle at the time of their
alleged conversion, and the other was entitled to their possession

66 Mont.—25          (385)

under an agreement whereby he was to care for them in consideration of one-half the net proceeds of sale, both had a sufficient interest to entitle them to join as plaintiffs.

Same—Misjoinder of Parties Plaintiff—Difficulty in Apportioning Damages not Ground for Nonsuit.

4. Prospective difficulty in apportioning between plaintiffs in an action of conversion any possible recovery because of complicated business arrangements, was of no concern to defendants and not a proper ground for motion of nonsuit for misjoinder of parties plaintiff.

*Appeal from District Court, Yellowstone County; A. C. Spencer, Judge.*

Action by D. L. Frost and another against J. B. Long & Co., Inc., and others. Judgment for defendants, and plaintiffs appeal. Reversed and remanded with directions to grant plaintiffs a new trial.

*Messrs. Goddard & Clark, Messrs. Grimstad & Brown* and *Messrs. Gunn, Rasch & Hall,* for Appellants, submitted a brief; *Mr. O. K. Grimstad* argued the cause orally.

At the time of the conversion Frost was the owner of the cattle, and Tompkins had a chattel mortgage lien thereon, and was entitled to possession, both by virtue of his chattel mortgage and the agreement with Frost, and was also entitled to "one-half of the net profits" from a sale of the cattle. They were both interested in the subject of the action and in obtaining the relief demanded; and, according to the plain language of the statute above quoted, were properly joined as plaintiffs. (Pomeroy's Remedies & Remedial Rights, sec. 199; *Fairbanks* v. *San Francisco & N. P. Ry. Co.,* 115 Cal. 579, 47 Pac. 450; *Lyon* v. *Bertram,* 20 How. (U. S.) 149, 15 L. Ed. 847 [see, also, Rose's U. S. Notes].)

Let us assume, however, that one or the other of the plaintiffs was improperly joined as a plaintiff. If this improper joinder appears on the face of the complaint, the objection should have been presented by a demurrer. (Subdiv. 4, sec. 9131, Rev. Codes 1921.) No such objection having been presented by demurrer or answer, it was waived. (Sec. 9136.)

In any event, a misjoinder of plaintiffs is not ground for a nonsuit. (*Mott* v. *Smith,* 16 Cal. 533; *Rowe* v. *Bacigalluppi,* 21 Cal. 633; *McKee* v. *Greene,* 31 Cal. 418.)

How the recovery shall be divided between the plaintiffs, or what their respective interests may be in the cause of action, is of no concern to the defendants. A judgment in favor of the plaintiffs would conclude them and prevent any further recovery, and it is wholly immaterial to the defendants what distribution will be made of the fruits of the action. (*Webster* v. *Kansas City & S. Ry. Co.,* 116 Mo. 114, 22 S. W. 474; *Geekie* v. *Kirby Carpenter Co.,* 106 U. S. 379, 27 L. Ed. 157, 1 Sup. Ct. Rep. 315 [see, also, Rose's U. S. Notes].)

In an action for the conversion of personal property covered by chattel mortgage both the mortgagor and mortgagee should join as plaintiffs. (*Swank* v. *Elwert,* 55 Or. 487, 105 Pac. 901; *Evans* v. *St. Paul Harvester Works,* 63 Iowa, 204, 18 N. W. 881; *Cobb* v. *Barber,* 92 Tex. 309, 47 S. W. 963; *Longerbeam* v. *Huston,* 20 S. D. 254, 105 N. W. 743.)

*Messrs. Nichols & Wilson* and *Messrs. Cooper, Stephenson & Hoover,* for Respondents, submitted a brief; *Mr. W. H. Hoover* argued the cause orally.

The principles of law applicable to a situation such as presented here have long been recognized and applied in this state. In *American etc. Co.* v. *Great Northern Ry. Co.,* 48 Mont. 495, 138 Pac. 1102, it was held that neither in actions *ex contractu* or in actions *ex delicto* can the plea of an obligation to the plaintiff individually be sustained by proof of an obligation running to himself and others jointly.

It is said in *Scott* v. *Waggoner,* 48 Mont. 536, 139 Pac. 454, "that a cause of action pleaded as upon a right in favor of two or more persons jointly is not sustained by proof of a right in one of them," and this was directly held in the case of *Brown* v. *Daly,* 33 Mont. 523, 84 Pac. 883, where it was held that a claim filed in an estate by one person individually will not sustain an action by two persons jointly upon the same

obligation. Other cases in Montana applying the same rule
are: *Kalispell Liquor etc. Co.* v. *McGovern,* 33 Mont. 394, 84
Pac. 709; *Spellman* v. *Rhode,* 33 Mont. 21, 81 Pac. 395; *Gilliam*
v. *Black,* 16 Mont. 217, 40 Pac. 303; *Childs* v. *Ptomey,* 17
Mont. 502, 43 Pac. 714; *Forsell* v. *Pittsburgh etc. Copper Co.,*
38 Mont. 403, 100 Pac. 218; *McCrimmon* v. *Murray,* 43 Mont.
457, 117 Pac. 73.

Plaintiffs suing jointly must prove a joint cause of action.
(*Adsit* v. *Ehmke,* 47 App. Div. 223, 62 N. Y. Supp. 702;
*Warne* v. *Rose,* 5 N. J. L. 809.) In a suit on a joint promise,
the plaintiff must prove the joint promise as alleged, and can-
not dismiss as to one and proceed as to the other. (*Munn* v.
*Haynes,* 46 Mich. 140, 9 N. W. 136.) These cases dispose of
the contention of appellants in their brief that this misjoinder
should have been presented by demurrer and if not so pre-
sented is waived. This is not the ordinary case of misjoinder
and the difficulty is not obvious upon the fact of the complaint.
The difficulty is that while the complaint alleges a joint owner-
ship in these plaintiffs, their several interests are disclosed by
the proof and there is a failure of proof of the material
allegations of the complaint.

HONORABLE THEO. LENTZ, District Judge, sitting in
place of MR. JUSTICE STARK, disqualified, delivered the
opinion of the court.

In this action the plaintiffs, D. L. Frost and B. A. Tompkins,
seek to recover damages for an alleged conversion of certain
cattle by the defendants. Error in granting defendants' mo-
tion for a nonsuit is the only point urged on this appeal. The
complaint alleges in substance that on May 1, 1919, plaintiff
Tompkins purchased the cattle, about 200 head in all, from
Price-Moffett Company of Billings, for which he gave his notes
for $24,000, secured by chattel mortgage on the cattle and
other personal property; that on May 20, 1919, plaintiff Tomp-
kins sold the cattle to plaintiff D. L. Frost, taking his notes for
the full purchase price of $28,000, secured by chattel mortgage

on the same cattle; that Frost and Tompkins then and there made written agreements whereby the said cattle were to be pastured on the lands of Frost and lands adjacent thereto on the Crow Indian Reservation, and that Tompkins, as further security to him, in addition to his chattel mortgage, should take charge of, care for, dispose of, manage and control said cattle and their increase in the same manner as if they were his own; that after the cattle had been delivered to Frost, they were, in pursuance of said agreements, placed under the care and management of Tompkins and continued to be in his possession, control, and management until they were taken by the defendants; that the note of $24,000 to Price-Moffett Company was paid in full prior to the commencement of this action; that at the time of the alleged conversion and at the commencement of this action Tompkins was the owner and holder of the $28,000 note and mortgage from Frost to Tompkins, and that the same is in full force and effect and wholly unsatisfied; "that on or about the 20th of July, 1919, while plaintiff D. L. Frost was the owner of the cattle and calves hereinbefore described, and entitled to the possession thereof jointly with the said B. A. Tompkins, and while the said B. A. Tompkins held the said mortgage as hereinbefore stated, and while he was in the actual and peaceable possession of said property and entitled to the possession thereof under his said agreements with the coplaintiff D. L. Frost, and under said chattel mortgages as hereinbefore alleged, the defendants wrongfully, unlawfully and wantonly rounded up said cattle and calves on the Crow Indian Reservation and wrongfully took same from the plaintiffs and converted and disposed of the same to their own use" to plaintiffs' damage in the sum of $35,000.

As a special defense, the defendants allege, in substance, that they are the owners of certain leases giving them the right to graze stock on portions of the Crow Indian Reservation, subject, however, to the right of each Indian to graze stock actually owned by him upon said leased lands; that plaintiff

Frost is a half-breed Indian who never has owned any cattle; that the alleged sale of cattle from Tompkins to Frost was only a pretended sale, in furtherance of a conspiracy to enable Tompkins to pasture his cattle on the lands leased by defendants; that the cattle were in fact owned by Tompkins subject only to the lien of the Price-Moffett Company mortgage, and that Frost owned no interest in them; that Tompkins aided and assisted defendants in rounding up, loading and shipping the cattle in question, which were later sold and the proceeds applied on the Price-Moffett Company mortgage, and that Tompkins consented to and participated in any acts of dominion exercised by defendants over said cattle.

Testifying in his own behalf, Tompkins denied that the cattle were taken with his help or consent. Evidence was introduced tending to show an unlawful taking on the part of the defendants; also that the mortgage to Price-Moffett Company was a valid subsisting lien on the cattle at the time of the alleged conversion, but that it had been fully discharged at the time this action was instituted. Tompkins admitted on cross-examination that Price-Moffett Company held as collateral security the note for $28,000 from Frost to Tompkins at the time of the alleged conversion. Plaintiffs put in evidence a written memorandum and a so-called irrevocable power of attorney, coupled with an interest, whereby Tompkins was to manage, control and run the cattle in question, giving the matter his entire time, for which he was to receive as compensation for his work one-half of the net proceeds of the sale of the cattle over and above the purchase price.

At the conclusion of plaintiffs' case the trial court, in sustaining the motion for nonsuit, said: "I want the record to show that the basis or reason for the ruling of the court is that, under the pleadings in this case, an effort was made and a cause of action was stated upon the joint ownership on the part of the plaintiffs, and that the proof in the case shows that the cause of action, if any, is several and not joint; that the interest of the two plaintiffs, Frost and Tompkins, are in con-

flict to such an extent that the rule for measure of damages cannot be applied alike in the case of the two men plaintiffs.''

Defendants make no contention that the evidence was insufficient to go to the jury on the question as to whether there was a wrongful exercise of dominion by defendants over property which they did not own. Defendants contend that the motion for nonsuit was properly sustained, for the reason, as stated in their brief, that: ''Plaintiffs allege a joint ownership and joint possession of the cattle taken, when, in fact, the evidence taken at its face value discloses that the plaintiff Frost became the ultimate owner of the cattle; that the plaintiff Tompkins had no title to the cattle of any kind; that he was merely the holder of a second mortgage upon them; that at the time of the alleged conversion, he was not the owner and holder of the note secured by the second mortgage, but that such note was owned and held by Price-Moffett Company as collateral security to the first mortgage, and that his possession of the cattle was not a joint possession with the plaintiff Frost, but was the possession of Frost through his agent and employee, Tompkins. The result of the discrepancies between the proof and the complaint are so serious and fundamental that the entire action must fall, since no rule of damages could be laid down which would apply to the plaintiffs jointly, for the reason that there was no joint ownership or interest, and since the pleading and proofs would not have justified instructions as to the several damages, if any, of the two plaintiffs.''

While the complaint alleges that plaintiffs were entitled to possession of the cattle jointly, it does not allege a joint ownership of them. It contains a plain statement of the separate and distinct interest which each plaintiff individually owned in the property.

If it appears on the face of the complaint that causes of
[1]  action have been improperly united or that there is a misjoinder of parties plaintiff, the objection should have been presented by demurrer under subdivisions 4 and 5 of section 9131, Revised Codes of 1921, which provides that: ''The de-

fendant may demur to the complaint  *  *  *  when it appears upon the face thereof, either: 4. That there is a defect or misjoinder of parties plaintiff or defendant; or, 5. That causes of action have been improperly united." Section 9135, on the other hand, provides that "where any of the matters enumerated in section 9131 do not appear upon the face of the complaint, the objection may be taken by answer." Not having presented such an objection by demurrer or answer, the objection was waived under the provisions of section 9136, Revised Codes of 1921, which reads as follows: "If no objection is taken, either by demurrer or answer, the defendant must be deemed to have waived the same, excepting only the objection to the jurisdiction of the court, and the objection that the complaint does not state facts sufficient to constitute a cause of action."

But, assuming that there is a misjoinder of parties plaintiff, and also that causes of action have been improperly united, [2] that alone will not sustain a motion for nonsuit. (*Mott* v. *Smith,* 16 Cal. 533; *Rowe* v. *Bacigalluppi,* 21 Cal. 633.) In *Mott* v. *Smith, supra,* the court said: "The premises were to be treated, therefore, as common property, the entire management and control of which, with the absolute right of possession and disposition, were vested in the husband, and the action should have been instituted in his name alone. But the misjoinder of the wife constituted no ground for the motion to nonsuit the plaintiffs; it would have constituted good ground of demurrer, had the defect been apparent upon the face of the complaint, or for motion to dismiss as to the wife on the trial. Such was not, however, the motion, and no error is assigned upon the ruling on the demurrer. The refusal of the nonsuit was therefore correct."

The Price-Moffett Company note having been paid before [3, 4] this suit was started, the only persons who could have a possible interest in any judgment which might be recovered are Tompkins and Frost. A prospective difficulty in apportioning between them the amount of the recovery does not

furnish a basis for nonsuit.   How the recovery shall be divided between plaintiffs, or what their respective interests may be in the judgment, is of no concern to defendants.   But one recovery can be had, and, since a judgment in favor of plaintiffs would conclude them and prevent any further recovery, it is wholly immaterial to defendants what disposition will be made of the fruits of the action.   (*Webster* v. *Kansas City & S. Ry. Co.,* 116 Mo. 114, 22 S. W. 474; *Geekie* v. *Kirby Carpenter Co.,* 106 U. S. 379, 27 L. Ed. 157, 1 Sup. Ct. Rep. 315; *Lyon* v. *Bertram,* 20 How. (U. S.) 149, 15 L. Ed. 847 [see, also, Rose's U. S. Notes].)

In *Webster* v. *Kansas City & S. Co., supra,* the court said: "It cannot be seen, in this case, how defendant can be prejudiced by the misjoinder. Both the grantor and grantee being parties to the suit, it is immaterial to defendant which may be entitled to the damages. Both will be concluded by a judgment and that is all the interest the defendant has in it."

In *Lyon* v. *Bertram, supra,* the court said: "The Code of California requires that actions shall be prosecuted in the name of the real party in interest, and that all parties, having an interest in the subject of the action, and in obtaining the relief demanded, may be joined as plaintiffs. The plaintiffs are shown to be the parties jointly interested in the subject of the action, and in the claim for relief. It is quite immaterial in what proportions they may be concerned. Their case is substantially established, when their joint interest is shown, and the error in respect to the degree of the interest of the several parties is not such a variance as will be considered."

The complaint and the proof offered to sustain it show a sufficient interest in each of the plaintiffs to entitle them to join in instituting it.   Section 9077, Revised Codes of 1921, provides: "All persons having an interest in the subject of the action, and in obtaining the relief demanded, may be joined as plaintiffs, except when otherwise provided in this chapter."

In Pomeroy's Remedies & Remedial Rights, section 199, it is said: " 'All persons having an interest in the subject of the

action, and in obtaining the relief demanded, may be joined as plaintiffs.' The extent of the interest is not the criterion, nor its source nor origin. If the persons have any interest, whether complete or partial, whether absolute or contingent, whether resulting from a common share in the proceeds of the suit, or arising from the stipulations of the agreement, the language applies without any limitation or exception, and without any distinction suggested between actions which are equitable and those which are legal. This was the established equity doctrine which in many cases permitted parties to be united as plaintiffs, whose rights were, in a legal aspect, not joint, but several. It is possible, indeed it frequently happens, that several rights may be held by two or more persons, who nevertheless have 'an interest in the subject of the action and in the relief demanded'; and it would seem that these persons, according to the interpretation given above, may now, if they so elect, join as plaintiffs in bringing a legal action as well as in maintaining an equitable suit.'' (*Fairbanks* v. *San Francisco & N. P. Ry. Co.*, 115 Cal. 579, 47 Pac. 450.)

Assuming that the evidence produced on the part of plaintiffs is true, Frost was the owner of the cattle at the time of the alleged conversion, and Tompkins was entitled to possession of them by virtue of the agreement and his power of attorney from Frost, and each was entitled to one-half the net profits from their sale. They were both interested in the subject of the action and in obtaining the relief demanded, and according to the plain language of the statute were properly joined as plaintiffs.

For the reasons stated, we think the nonsuit was improperly granted. The judgment is therefore reversed, and the cause remanded to the district court of Yellowstone county, with directions to grant the plaintiffs a new trial.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES COOPER, HOLLOWAY and GALEN concur.