SCHOENBORN, Respondent, *v.* WILLIAMS ET AL., Appel-
LANTS.

(No. 6,350.)

(Submitted December 5, 1928.   Decided December 27, 1928.)

[272 Pac. 992.]

*Mr. L. A. Foot,* Attorney General, and *Mr. I. W. Choate,* Assistant Attorney General, for Appellants, submitted a brief; *Mr. C. N. Davidson,* Assistant Attorney General, argued the cause orally.

*Mr. Fred C. Gabriel,* for Respondent, submitted a brief and argued the cause orally.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

This suit involves the ownership of moneys received by the defendants, who comprise the Livestock Commission of

Montana, on account of cattle shipped to market. The plaintiff alleged that the cattle were owned by a partnership composed of himself and one Faubert; that Faubert shipped them in his own name to the Ferguson Commission Company of St. Paul, who sold them, the proceeds being sent the Livestock Commission; that the plaintiff was and is the owner of and entitled to the immediate possession of one-half of the proceeds derived from the sale and although he had frequently demanded that the Livestock Commission pay him the money,—all the money received from the sale, it would seem,—the commission had refused to do so.

The defendants admitted that the firm of Schoenborn & Faubert shipped the cattle to the Ferguson Commission Company, who sold the same, alleged the proceeds to be $335.81, admitted plaintiff had demanded the money which defendants had refused to pay. Court and counsel, upon the trial, treated the allegations of plaintiff's complaint respecting the ownership of the cattle, and plaintiff's right to the proceeds thereof denied. The defendants pleaded affirmatively that the state of Montana maintains at South St. Paul a livestock inspector whose duty it is to examine for brands all shipments of cattle received from points in Montana, and to hold the proceeds of the sale of all such cattle as do not bear the recorded brand of the shipper, or otherwise are not shown to belong to the shipper; that upon examination of the shipments of cattle received from Schoenborn & Faubert it was discovered that none mentioned in plaintiff's complaint bore the recorded brand of plaintiff, his partner, or of the firm, but on the contrary bore brands of numerous other persons; that thereupon the inspector sent the proceeds of the sale of the animals to the Livestock Commission; and the defendants allege that the money is subject to claim by plaintiff or any other person who can prove his ownership of the cattle from the sale of which the funds were derived. The plaintiff by reply admitted these allegations. The jury found for the plaintiff in the sum of $317.77, representing

twelve of the thirteen cattle described in plaintiff's complaint; one was found to belong to a Mrs. McEwen.

In due time the defendants moved for a new trial upon the grounds, among others, of insufficiency of the evidence to justify the verdict, and that the verdict is against the law. The motion was not brought on for hearing within the time specified by the statute and must be presumed to have been denied. (Sec. 9400, Rev. Codes 1921.) The defendants have appealed from the judgment.

1. The defendants insist that the action cannot be maintained for the reason that this is a suit by one member of a general partnership to recover in his individual name and on his own behalf from third persons for the alleged conversion of partnership property. Good pleading demands "that, properly, all the owners of a chattel, whether partners or not, must join in an action to recover damages for injuries done to it, or for wrongful taking or conversion of it, or to recover its possession." (Pomeroy on Remedies & Remedial Rights, 4th ed., sec. 140; *Doll* v. *Hennessy Merc. Co.,* 33 Mont. 80, 81 Pac. 625.)

The pleading was vulnerable to a special demurrer under the provisions of subdivision 4 of section 9131, Revised Codes 1921. But in the absence of such demurrer the advantage available to the defendants was waived. (*Church* v. *Zywert,* 58 Mont. 102, 190 Pac. 291; *Frost* v. *Long,* 66 Mont. 385, 213 Pac. 1107; *Seip* v. *Tilghman,* 23 Kan. 289.)

So far as the record discloses the matter was never called to the attention of the court until at the close of plaintiff's case the defendants moved for a nonsuit, and at that time the objection was that the evidence did not show the plaintiff entitled to one-half of the proceeds of the sale but on the contrary showed that there had not been a settlement of the partnership affairs of plaintiff and Faubert. The motion was denied. The action of the court was correct.

In *Church* v. *Zywert,* supra, the court quoted the following from *Zabriskie* v. *Smith,* 13 N. Y. 322, 64 Am. Dec. 551:

"Partners are joint tenants of all partnership effects; * * * joint tenants are not owners of separate shares. Each joint owner has title to the entirety. * * * I am, therefore, of opinion that where the defendants permit one or more of several joint tenants to sue alone * * * the recovery should be for the damages sustained by all the joint tenants." What was said in *Church* v. *Zywert* is applicable here: if the facts established on the trial are true, defendants are in no worse position than they would be if the action were brought by the partnership; their substantial rights have not been affected because Faubert was not joined as a party plaintiff. Judgment in favor of one partner will bar action by the other on the same cause of action.

2. Upon the point that the evidence is insufficient to justify the verdict: while the evidence is weak in some particulars it cannot be said that there is not any substantial evidence to sustain the verdict of the jury with respect to seven head of the cattle, aggregating $206.05. But there is no substantial evidence to sustain it with respect to five head of the aggregate value of $111.72.

3. The plaintiff, by cross-assignment of error, says that the affirmative defense pleaded by defendants is insufficient. This is upon the hypothesis that the defendants' pleading does not come within the provisions of section 3343, Revised Codes 1921, which prescribes in part that a stock inspector appointed by the Livestock Commission to inspect Montana cattle at any market outside of this state shall have the power to "seize any stock which he may have reason to believe is stolen, or upon which brands have been altered or obliterated, and shall have authority to take the proceeds of any animal in dispute or bearing altered or burned brands, remitting such proceeds to the Livestock Commission who shall hold the same pending a decision as to the ownership * * * "; they say that the answer does not show that the inspector had reason to believe that any of the cattle were stolen or that the brands upon any of them were altered

or obliterated or burned or that any of the animals were in dispute. It is not necessary to consider this cross-assignment. Whether the inspector was justified in seizing the proceeds of the sale and transmitting them to the Livestock Commission is not material to the disposition of this lawsuit. As we have seen, it was alleged in the answer and admitted in the reply that it was the inspector's duty to examine the brands of cattle received from points in Montana and to hold the proceeds of the sale of all such as do not bear the recorded brands of the owner, and are not otherwise shown to belong to such shipper. The cattle were a nondescript lot, none of them bearing the brands of the shippers. Some of them were of a character sufficient to excite the suspicions of a reasonable man, to say the least. This is demonstrated by the fact that plaintiff has been unable to prove ownership of five of them. Be that as it may, under the terms of the statute it is the duty of the defendants to hold the money pending a decision as to the ownership thereof. The court instructed the jury, without objection from either side, that ''the issue in this case for you to determine is whether or not the firm of Schoenborn & Faubert were the owners of the cattle referred to in the complaint and entitled to the proceeds of the sale thereof.'' There was a definite issue of ownership.

If the plaintiff and his partner are not entitled to the money the defendants must retain it until someone comes along who can show title to it. The plaintiff must recover if at all upon the strength of his own, or the partnership's, title. He has shown that the firm of Schoenborn & Faubert are entitled to judgment against the defendants in the sum of $206.05, and no more.

The cause is remanded to the district court of Phillips county with direction to modify the judgment accordingly. When so modified, it shall stand affirmed. The defendants shall recover one-half of their costs upon this appeal.

*Judgment modified.*

Associate Justices Myers, Matthews and Galen concur.