BOHART, APPELLANT, v. SONGER ET AL., RESPONDENTS.

(No. 8,058.)

(Submitted February 28, 1940. Decided April 5, 1940.)

[101 Pac. (2d) 64.]

*Mr. Seth F. Bohart* and *Lloyd M. Johnson,* for Appellant, submitted a brief; *Mr. Bohart* argued the cause orally.

*Mr. Harrison J. Freebourn,* Attorney General, and *Mr. Enor K. Matson,* First Assistant Attorney General, for Respondents, submitted a brief; *Mr. Matson* argued the cause orally.

MR. JUSTICE ERICKSON delivered the opinion of the court.

This is an action for conversion of the proceeds obtained from the sale of a cow. Plaintiff alleges that he purchased the animal in question from one Freeman, the lawful owner thereof, on July 17, 1938, and obtained Freeman's bill of sale therefor. The cow was inspected at Bozeman and subsequently shipped to Billings where it was again inspected and there sold. The proceeds from the sale were impounded by a state livestock inspector, one of the defendants in this action. He turned the proceeds over to the Montana Livestock Commission to be held pending determination of the ownership of the cow. Demand was made immediately for the money by plaintiff, and refused by the defendant commission. A few days thereafter suit was instituted in the justice court to recover the proceeds.

Defendants answered setting up as a defense to the alleged conversion, that the seizure was made in the performance of official duty; denied on information and belief that Freeman was the lawful owner of the cow; alleged that defendant inspector at Billings discovered that the cow at the time of the sale bore an unvented three-circle brand which was the duly recorded brand of one A. A. Anderson as of the date of July 23, 1936; that at the time of the sale there was on file in the office of the secretary of the Montana Livestock Commission a notice of chattel mortgage and notice of renewal thereof upon the cattle of A. A. Anderson bearing the described brand, the mortgage being filed August 12, 1937, and the renewal March 17, 1938; that plaintiff at the time of sale failed, refused and neglected to furnish the defendants or the stock inspector at Bozeman, any evidence or proof of plaintiff's ownership other than the bill of

sale from Freeman; that no bill of sale from Anderson, record owner of the brand appearing on the cow, was ever presented to defendants or anyone, and no satisfaction or release of mortgage on the cattle bearing the Anderson brand was ever filed with the recorder of marks and brands or presented to defendants; that since no bill of sale from Anderson, prima facie owner of the cow, was produced nor any other evidence of plaintiff's ownership other than the Freeman bill of sale, and the brand being an unvented one, defendant Songer had reason to believe, and did believe, that the cow had been stolen, and therefore seized the proceeds of the sale, as he was authorized by statute to do; and that the proceeds were turned over to the commission until it could be determined whether the cow had been stolen, or until plaintiff should by satisfactory evidence establish his ownership of the cow or his legal right to the proceeds of the sale.

The issues were determined in favor of defendants in the justice court. Plaintiff appealed to the district court where the issues were again found in defendants' favor. The matter is here on appeal from the judgment of the district court. The only question involved is whether the impounding of the proceeds obtained from the sale of the cow constituted a conversion by the livestock commission.

At the outset it must be said that our review has been necessarily limited because of the absence of a bill of exceptions incorporating the evidence. In such case, the well-established rule is that this court cannot consider anything aside from that part of the judgment roll that is before it. (Sec. 9390, Rev. Codes; *Bohon* v. *Bitter Root Sales Co.*, 82 Mont. 260, 266 Pac. 645, and cases therein cited.)

Many assignments of error are directed to the lower court's findings of fact and conclusions of law. It follows from the rule just noted that we are precluded from disturbing those findings in the absence of the evidence from the record. (*Thelen* v. *Vogel*, 86 Mont. 33, 281 Pac. 753, and *Luebben* v. *Metlen*, *ante*, p. 350).

In view of the condition of the record, it will only be necessary in deciding whether **defendants** are guilty of conversion

to determine the following question: Do the answer and facts as found support the conclusions of law and judgment of the court? If this question can be answered affirmatively, then the presumption follows that the evidence was sufficient to warrant the result reached. (*Thelen* v. *Vogel*, supra; *Bond Lumber Co.* v. *Timmons*, 82 Mont. 497, 267 Pac. 802.)

This being an action for conversion, the elements of proof required to sustain it are: (1) Plaintiff's ownership and right of possession of the chattel involved; (2) conversion thereof by the defendants; and (3) resulting damages. (*Klind* v. *Valley County Bank of Hinsdale*, 69 Mont. 386, 222 Pac. 439.)

The findings of fact of the trial court embracing the issues framed by the complaint and answer disclose that plaintiff failed to establish either elements (1) or (2). Those findings are substantially in accord with the statement of facts heretofore set out, particularly that satisfactory proof of ownership of the cow was not supplied by plaintiff nor his legal right to the proceeds of the sale established. Failure of proof as to this element was fatal to the action. (See *Guthrie* v. *Holloran*, 90 Mont. 373, 3 Pac. (2d) 406.)

However, aside from this lack of proof or ownership, the court found in accordance with defendants' answer, and presumably their proof that the inspector had reason to believe that the cow was stolen and therefore followed the statutory duty imposed upon him of impounding the proceeds pending determination of ownership of the cow or right to the proceeds. (Compare *Schoenborn* v. *Williams*, 83 Mont. 477, 272 Pac. 992.) Surely the taking of such action could not be a sustainable basis for wrongful conversion or detention of proceeds in view of the circumstances here appearing which called for the exercise of the statutory duties imposed upon the defendants. Defendants came into possession of the proceeds lawfully. It seems impossible to us that, under the statute, the withholding of them from plaintiff could ever amount to a conversion until such time, at least, as plaintiff submits satisfactory proof of his ownership of the cow or his legal right to

the proceeds of the sale. After such showing the proceeds should be paid to him as contemplated by section 3327.2, Revised Codes.

But plaintiff contends that there were not sufficient facts in ▮ the first place to justify the inspector in suspecting that the cow was a stolen animal, and that the bill of sale from Freeman to plaintiff was sufficient proof of ownership to entitle him to the proceeds of the sale. With this we cannot agree. Section 3327.1 provides in part: ''All state stock inspectors * * * shall * * * possess the further authority to inspect and seize * * * any livestock or the proceeds thereof, which said inspector may have reason to believe is stolen, *or upon which brands have been altered or obliterated, or which does not conform to the description contained on the tally sheet furnished by the shipper thereof, or to the description contained in any certificate of inspection issued before shipment or removal of said livestock.*''

Plaintiff urges that this section forecloses an inspector from suspecting that livestock has been stolen unless one or more of the conditions of the statute above italicized appear. The plain wording of the section does not warrant any such restricted interpretation. If the construction plaintiff contends for were adopted we would be able to see no end to which designing individuals might not go in successfully disposing of the livestock of others.

Section 3304, Revised Codes, further evidences the fallacy of the construction contended for by plaintiff. It provides as follows: ''The person, firm, or corporation in whose name any mark or brand is of record, as in this Act provided, is entitled to the right to the exclusive use of such mark or brand on the species of animal and in the position designated in such record, and a copy of such record certified by the general recorder of marks and brands shall be prima-facie evidence of such right; and such certificate shall likewise be prima-facie evidence that the person, firm, or corporation entitled to use such mark or brand is the owner of all animals on which the same appears in the position and on the species of animal stated in such certificate.'' Such provision would be without protective effect if

plaintiff's analysis of a stock inspector's rights and duties were correct.

Plaintiff, from what appears in the record before us, has never yet overcome the prima facie proof of ownership that rests in the record owner of the recorded brand. Under section 3327.1, supra, it would seem to us that it is the duty of the seller of livestock bearing someone else's brand to furnish whatever proof is necessary to clear the same for sale. Moreover, under the circumstances of this case, we think the livestock inspector who had a record of the marks and brands before him, would have been derelict in his duty had he not proceeded exactly as he did.

The case of *State* v. *DeWolfe*, 29 Mont. 415, 74 Pac. 1084, cited by plaintiff, is without controlling effect here on the question of ownership of the cow bearing the brand of one other than the shipper, because section 3304, supra, has been enacted since that decision, and now the recorded brand establishes prima facie proof of ownership of the animals on which such brand appears. Of course, the prima facie evidence of ownership can be overcome by satisfactory evidence of transfer or relinquishment of a particular animal. As a matter of fact, section 3300, Revised Codes, furnishes one of the best ways by which the prima facie case is rebutted. It relates to the venting of brands and provides in part as follows: " * * * and the venting of said original brand shall be prima-facie evidence of sale or transfer of said animal or animals so vented." The brand in the present case was not vented.

As to the charge made by plaintiff that the inspector had nothing upon which to have reason to believe that the cow was stolen other than the mortgage record, and in that respect was acting as a collector of mortgages contrary to section 3308.5, Revised Codes, we cannot agree. As heretofore pointed out, all of the circumstances of the case presented a prima facie case as to ownership against plaintiff. The additional fact that there was on file, of recent date, a notice of chattel mortgage and notice of renewal upon the cattle of A. A. Anderson bearing the brand here involved, was certainly not a

favorable circumstance to plaintiff's claim of ownership. Especially so where there was neither satisfaction nor release of the mortgage, and no other adequate showing made to rebut the prima facie case of ownership in Anderson.

We conclude that the answer of the defendants stated a good defense to the charge of conversion. It is supported by the facts found by the trial court and the conclusions of law reached are justified.

The judgment is affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES MORRIS, ANGSTMAN and ARNOLD concur.