CLEM R. CORMIER, AND JOE A. CORMIER, Co-PARTNERS, ET AL., PLAINTIFFS AND RESPONDENTS, v. R. B. FRASER, ET AL., DEFENDANTS AND APPELLANTS.

No. 9493.

Submitted April 11, 1956. Decided May 9, 1956.

296 Pac. (2d) 1021.

Mr. Sterling M. Wood, Billings, for appellants.

Messrs. Longan & Jones, Billings, for respondents.

Mr. Robert L. Jones argued orally.

THE HONORABLE LE ROY L. McKINNON, District Judge, sitting in place of MR. JUSTICE DAVIS.

This is an action at law wherein the plaintiffs and respondents sought damages, both actual and punitive, from the defendants and appellants, for an alleged wrongful, wilful, unlawful and malicious trespass.

At the time this cause of action arose Consual and Rutherford owned certain cattle which were in the care and custody of Cormier Bros. under a feeder contract. Cormier Bros. and R. B. Fraser each had the use and control of various tracts of range land, more or less intermingled, and all enclosed within one fence. Both Fraser and Cormier Bros. placed cattle within the range-land enclosure referred to above. On two separate occasions the defendants and appellants removed, or caused to be removed, from the said range, cattle owned by or in the control of Cormier Bros.

The complaint alleges that the defendants wrongfully, wilfully, unlawfully and maliciously herded and drove the plain-

tiffs' said cattle off the plaintiffs' said lands and onto the county road, and in so doing, wrongfully mishandled the cattle and treated them roughly and brutally and further alleges damages. There are two similar causes of action separately numbered and stated, one for each of two separate trespasses.

The defendants demurred generally and specially to the complaint. The special demurrer was based on the ground that causes of action have been improperly united in the complaint in each of the causes of action and in that in each, Cormier Bros. have joined with a claimed cause of action in tort for damages demanded by Consual and Rutherford, in violation of R.C.M. 1947, section 93-3203, contending the separate causes do not affect all of the parties plaintiff. The demurrer was overruled and the defendants answered by general denial.

At the time of trial defendants interposed a motion in writing which is not in the transcript on appeal. From the comments of counsel and the court it apparently was a motion to vacate and set aside based on the same grounds presented in the special demurrer. The motion was denied and the defendants took a continuing objection to the jurisdiction of the court predicated on the terms of the motion and the special demurrer.

The jury returned a verdict in favor of plaintiffs and judgment was entered thereon. This appeal is taken from that judgment.

Questions raised by this appeal are the merits of the special demurrer and the sufficiency of the evidence to support the verdict.

Briefly, the complaint alleges that the plaintiffs placed cattle, to which they had either property or possessory rights or both in the above described pasture and that the defendants trespassed in the manner described, in the first cause of action on a certain date, and in the second cause of action on another designated date.

It is further alleged that the plaintiffs, Consual and Rutherford, had property rights in cattle against which the trespasses

were committed in each of the two causes. All parties plaintiff are affected by the separate causes of action stated.

In Thompson v. Shanley, 93 Mont. 235, 17 Pac. (2d) 1085, this court said:

"This action must be prosecuted 'in the name of the real party in interest.' Section 9067, Rev. Codes 1921 [now R.C.M. 1947, section 93-2801]. The reason for the rule prescribed by section 9067 is given in 20 Cal. Jur. section 10, page 490, as follows: 'The object of the rule that each action must be prosecuted by the real party in interest is to save the defendant from further harassment or vexation at the hands of other claimants to the same demand. The primary and fundamental test to be applied, therefore, is whether the suit will accomplish that result.'

"In Pomeroy's Code Remedies (5th Ed.) section 140, this language is used: 'It is clearly the rule, established under the new system, as well as under the old, that properly all the owners of a chattel, whether partners or not, must join in an action to recover damages for injury done to it, or for a wrongful taking or conversion of it, or to recover its possession. This rule is so firmly settled that nothing less than an express contract in reference to the title with one of the co-owners in his own name, by which promises are made directly to him, will suffice to permit a severance.' See, also, Schoenborn v. Williams, 83 Mont. 477, 272 Pac. 992.

"And in 47 C.J. 65, the same rule is stated thus: 'As in other actions, in a suit for the recovery of the entire amount, upon a cause of action arising in tort, all the joint owners of the cause of action should be made parties plaintiff. Accordingly, an action for damages for injuries to personal property must be brought by all the joint owners thereof.' "

In Weibush v. Jefferson Canal Co., 68 Mont. 586, 591, 220 Pac. 99, 101, it is said:

"Section 9130 of our Code [now R.C.M. 1947, section 93-3203] authorizes the plaintiff to 'unite several causes of action * * * in the same complaint where they all arise out of

\* \* \* injuries to property.' Having used the word 'property' in its larger sense, it will be held to include injuries to real as well as to personal property. The term 'injuries to property' comprehends such injuries as one sustains in his rights of property, whether directly affecting or depriving one of possession and enjoyment of the things the subject of property or not. In this class is included every form of action for an injury as distinguished from a wrong by breach of contract, except libel, slander, and malicious prosecution. Bliss on Code Pleading, section 129, page 217.

" 'Causes of action for injuries to property form a distinct class, and the generality of this language permits the union of claims arising from injuries of all kinds, whether with or without force, whether direct or consequential, and whether to real or personal property.' Pomeroy's Code Remedies (4th Ed.) section 389, page 517."

█ The special demurrer was properly overruled.

It is urged that the evidence is insufficient to show defend-█ █ committed the trespasses charged but the record shows that witness Henry Vandal testified to having seen the defendants herding and driving plaintiffs' cattle off the lands so owned or controlled by plaintiffs. There is also in addition considerable circumstantial evidence tending to establish such trespasses. There is ample substantial evidence to support the verdict and the judgment entered is accordingly affirmed.

MR. CHIEF JUSTICE ADAIR, and MR. JUSTICES ANGSTMAN, ANDERSON and BOTTOMLY, concur.