## NOLAN *v.* HUGHES.

[93 Pac. 362; 94 Pac. 504.]

COURTS—PROBATE COURTS—JURISDICTION.

1. The county court, in exercising jurisdiction in probate, is a superior court of general jurisdiction.

JUDGMENT—PLEADING—PROBATE DECREE.

2. In pleading a judgment of the county court sitting in probate, it is only necessary to allege that the judgment was rendered in a probate matter, it being presumed therefrom that the court acted within the authority conferred on it by law.

REFORMATION OF INSTRUMENTS—ADMINISTRATOR'S DEED—COMPLAINT.

3. A complaint to reform an administrator's deed, after alleging the issuance of letters of administration and the application of the proceeds of the sale of all personal property to the payment of administration expenses and debts of the estate, and reciting the filing of a petition for the sale of real estate and the necessity therefor, alleged an order by the county court authorizing the administrator to sell all the real estate of the decedent, including property specially described, the court finding that it was necessary to sell the real estate in order to pay debts and administration expenses. *Held*, that the complaint sufficiently showed that the county court, when it rendered the judgment, was sitting as a probate court having under consideration a probate matter, and that on the administrator's petition it directed the sale of real estate, the title to which was in question, so that complainant was entitled to the reformation of the administrator's deed on an allegation that by mutual mistake the lands were misdescribed.

JUDGMENT—PLEADING—ALLEGATION OF SERVICE.

4. A recitation in a complaint pleading a judgment of the probate court "that due and legal notice of the time and place of such hearing was given in the manner provided by law, and said administrator caused said citation in full to be thereafter published for six consecutive weeks," is not an allegation of the manner of the service of the citation made in the probate proceedings, but a mere attempt to recite due and legal service, and hence does not disclose a want of jurisdiction in the probate court in entering the judgment pleaded, so as to prevent the presumption in favor of its jurisdiction.

From Wheeler: WILLIAM L. BRADSHAW, Judge.

Suit by J. B. Nolan against Clyde Hughes, to reform a misdescription in an administrator's deed, wherein certain lands in Wheeler county were attempted to be conveyed to plaintiff. A demurrer to the complaint being overruled, a decree was rendered in favor of plaintiff, and defendant appeals.                    AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Horace B. Nicholas.*

For respondent there was a brief over the names of *Mr. Hamilton H. Hendricks* and *Mr. John A. Collier,* with an oral argument by *Mr. Hendricks.*

MR. JUSTICE EAKIN delivered the opinion of the court.

Plaintiff brings this suit in equity to reform the deed of an administrator, made upon the sale of real estate in a probate proceeding. A demurrer to the complaint was overruled, and a decree rendered for the relief asked, and defendant appeals.

1. But one question is raised upon this appeal, viz., whether the county court had jurisdiction of the heirs in the probate proceeding to order the sale of the property. This question, however, is not before us upon the facts, but only upon the sufficiency of the pleading.

The complaint, after alleging the issuance of letters of administration to F. M. Templeton, and the application of the proceeds of the sale of all personal property to the payment of expenses of the administration and debts of the estate, and reciting the filing of the petition for the sale of the real estate and the necessity therefor, alleges the order for the sale of the realty in the following language, viz.:

"That thereafter, on the 25th day of February, 1895, such proceedings were had in said county court, that the said F. M. Templeton, as the administrator of the estate of said decedent, was duly and regularly authorized and empowered, by an order of said court, which was duly

entered, to sell all of the real estate of said decedent, including the said E. ½ of S. W. ¼ of section 33, township 8 S., range 25 E. W. M., properly describing it, the court finding that it was necessary to sell the said real estate of decedent in order to pay the remaining expenses, funeral charges, and claims still due and unpaid against the said estate."

The principal contention of the defendant is that the county court did not have jurisdiction of the parties, and that before it can acquire jurisdiction there must be personal service upon the heirs in the manner provided by law. But the question arises here whether the complaint in this suit sufficiently alleges the decree of the county court. The county court, in exercising the jurisdiction pertaining to probate matters, is a superior court of general jurisdiction.

2. In such case it is necessary, in pleading the judgment of such court, only that it appear that the judgment was rendered in a probate matter; and thereafter the presumption arises that the court acted within the authority conferred upon it by law. In *Rutenic* v. *Hamakar*, 40 Or. 444, 450 (67 Pac. 196, 199), Mr. Justice MOORE reviews the authorities on both these questions at length, and holds:

"In a judgment rendered by a court of general and superior jurisdiction, however, every fact necessary to confer jurisdiction will be presumed in order to support the validity of the judgment. * * The county court in probate matters is a court of general and superior jurisdiction, * * and as it is unnecessary to allege a fact which the law will presume, * * the plaintiff was not required to allege that said court had secured jurisdiction of the person and subject-matter, so that the complaint is not vulnerable to the objection that it does not state facts sufficient to constitute a cause of action, notwithstanding it failed to allege that the order removing the administrator was 'duly' given or made."

This ruling is sustained by all the authorities: 11 Ency. Pl. & Pr. 1130; Black, Judgments, § 966. The

case of *Galpin* v. *Page,* 85 U. S. (18 Wall.) 350 (21 L. Ed. 959), and *Cox* v. *Matthews,* 17 Ind. 376, and other cases cited by defendant, are not in point on these questions, as they were before the court upon the facts.

3. The complaint sufficiently shows that the county court, when it rendered the judgment, was sitting as a probate court, having under consideration a probate matter in the administration of the estate of a deceased person, and that upon the petition of the administrator, it directed the sale of the real estate of decedent, the title to which is in question here, and further alleges that, in the execution of the deed to the purchaser at such sale, by mutual mistake of the administrator and the purchaser, viz., by a clerical error, the lands were misdescribed in such deed, and asks that the deed be reformed.

These matters being uncontroverted, this is sufficient to entitle plaintiff to the relief claimed, and the decree of the lower court is affirmed.            AFFIRMED.

---

Decided March 17, 1908.

## ON PETITION FOR REHEARING.

[94 Pac. 504.]

MR. JUSTICE EAKIN delivered the opinion of the court.

4. By the petition for a rehearing it is suggested that the complaint sets out the service of the citation made in the probate proceeding, and therefore shows on its face that there was a want of jurisdiction in the probate court. But the facts constituting the service are not set out in the complaint here. The allegation is "that due and legal notice of the time and place of such hearing was given in the manner provided by law, and said administrator caused said citation in full to be thereafter published for six consecutive weeks," etc. Thus it is plain that the pleader did not attempt to set out the manner of the service, but only to recite due and legal service: *Galpin* v. *Page,* 85 U. S. (18 Wall.) 350 (21 L. Ed. 959), is not in point, as that relates to the record in the case

in which the judgment is entered, and has no application to the recitals in a complaint where such judgment is pleaded. See, also, *Knapp* v. *Wallace,* 50 Or. 348 (92 Pac. 1054). If the complaint here recited such facts as would disclose a want of jurisdiction in the court in entering the judgment pleaded, then the presumption in its favor could not arise, but it does not purport to set out the record or facts of service. There is only an attempt to set forth a summary of the proceedings of the county court.

Petition denied.                                     AFFIRMED.