SANDEN, APPELLANT, v. NORTHERN PACIFIC RAILWAY
CO., RESPONDENT.

(No. 2,667.)

(Submitted June 8, 1909.   Decided June 10, 1909.)

[102 Pac. 145.]

*New Trial Order—Statutes—Constitutionality—Determination.*

Statutes—Constitutionality—Determination.
  1.   Unless the necessity of passing upon the constitutionality of a stat-
  ute is urgent and imperative, the supreme court will not do so on appeal.
New Trial Order—On Minutes.
  2.   Where a notice of intention to move for a new trial recited that the
  motion would be made on the minutes of the court and a bill of ex-
  ceptions, and the order of the court simply stated that it was granted,
  it was not sufficient for appellant to show that the court was not war-
  ranted in granting the motion on the bill of exceptions, (which was
  absent from the record) but he had the burden of showing also that
  it was not authorized to do so upon the minutes.

*Appeal from District Court, Silver Bow County; J. J. Lynch,
Judge.*

ACTION by Frank Sanden against the Northern Pacific Railway
Company.   From an order granting defendant's motion for a
new trial on the minutes, plaintiff appeals.   Affirmed.

*Mr. Jas. M. Hinkle,* and *Mr. Chas. A. Wallace,* for Appellant.

*Mr. Wm. Wallace, Jr., Mr. Jno. G. Brown,* and *Mr. R. F.
Gaines,* for Respondent.

MR. JUSTICE SMITH delivered the opinion of the court.

The plaintiff appeals from an order of the district court of
Silver Bow county granting the defendant a new trial.   The de-
fendant's bill of exceptions on this motion for a new trial is
not in the record, and although the plaintiff, at the time the
order granting the new trial was made, was given thirty days
in which to prepare and serve a bill of exceptions, it does not
appear that advantage was ever taken of the leave granted; so

that there is in this record no bill of exceptions of any kind. There is, however, in the record a copy of what purports to be defendant's notice of intention to move for a new trial, which recites that "the application will be made and based upon the minutes of the court herein, and a bill of exceptions hereafter to be prepared." What is called a "statement on appeal" recites that the verdict of the jury was returned on April 27, 1908, judgment was entered on April 30, 1908; on May 4, 1908, the district court entered an order allowing the defendant sixty days, in addition to the time allowed by law, within which to "prepare, serve, and obtain a settlement of" its bill of exceptions. On July 7, 1908, defendant served its bill of exceptions, whereupon plaintiff served and filed objections to the settlement on the ground that the court had lost jurisdiction to settle the same. The court settled the bill, caused plaintiff's objections to the settlement to be incorporated therein, and thereafter entered an order granting a new trial, from which order this appeal, as aforesaid, is prosecuted. As heretofore stated, there is before us no bill of exceptions showing any of these matters.

The grounds of plaintiff's objections to the settlement of the bill of exceptions, and of his contention in this court, are thus stated in the brief of his counsel: "The only question presented to this court on appeal is whether the lower court had the right, or jurisdiction, at the time, to grant defendant (respondent) a new trial, and that question depends on whether Senate Bill No. 24, attempted to be passed by the eighth session of the legislature of the state of Montana, in 1903, wherein it was attempted to give the court power to extend the time ninety days, instead of thirty days, as provided by section 1897 of the Code of Civil Procedure, within which a party may serve and file a bill of exceptions and statement on motion for a new trial (Session Laws 1903, p. 37)," was passed in accordance with constitutional requirements. "Appellant's contention is that said Senate Bill is not a valid law, because of a failure of the said legislature to comply with the mandatory requirements of the Constitution of the state of Montana in passing it." Section 1897, Code of Civil

Procedure, is now section 7190, Revised Codes.  But it is not permitted us to examine this constitutional question.  Courts are always loath to pass upon the constitutionality of an Act of the legislature, unless the necessity therefore is urgent and imperative.

The district court has general jurisdiction to grant new trials, and the action of that court is presumed to be regular.  The order granting a new trial is general in terms, simply reciting: "This day the motion of the defendant for a new trial is granted."   Under the law relating to motions for new trials in force at the date of the proceedings, such motion could be made and granted on the minutes of the court.   (Revised Codes, sec. 6795.)   As the notice of intention to move for a new trial recited that the motion would be made on the minutes of the court, and there is nothing to indicate that the order was not based upon the minutes, we cannot say that the court acted entirely upon the bill of exceptions.  It may be that the bill was not considered by the district court, but that the order was based entirely on what was disclosed by the minutes.   When an application for a new trial is made on the minutes of the court, in the absence of a bill of exceptions, the trial court is presumed to have considered all of the pleadings, records, minute entries, and the evidence offered at the trial, and to have determined the motion on the case thus presented.   (*State ex rel. Cohn* v. *District Court*, 38 Mont. 119, 99 Pac. 139.)

As the burden is on the appellant to show that the district court was not warranted in granting the motion for a new trial, either on the bill of exceptions or the minutes of the court, and he has not done so, the order must be affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.