Argued June 19, decided July 16, rehearing denied Dec. 10, 1912.

### STATE *v.* CLATSOP COUNTY.

(125 Pac. 271.)

**Pleading—Matters of Presumption.**

1. In an action by the State against a county for the county's proportion of State taxes, the complaint need not allege the steps in the proceedings taken by the State Board in making the apportionment; such matters being presumed under Section 799, subd. 15, L. O. L., authorizing the presumption that an official duty has been regularly performed.

**Pleading—Presumptions.**

2. Facts which are presumed need not be pleaded; but to raise an issue on facts which are presumed the contrary averment must be made by the opposing party.

**Taxation—Action for Apportionment—Presumption.**

3. The presumption that the State Board has taken the proper steps in tax apportionment proceedings is not conclusive, in an action by the State against a county for its apportionment of State taxes; and the county may tender an issue in regard thereto.

**Pleading—Demurrer—Effect.**

4. A demurrer to a complaint admits all facts well pleaded.

**Appeal and Error—Decision.**

5. Where an action by the State against a county for a tax apportionment was filed before the constitution was amended in

1910, but the judgment, sustaining a demurrer to the complaint, was not rendered until after the amendment, the Supreme Court, under Section 3, Article VII, of the Constitution, as amended November 8, 1910 (L. O. L., p. xxiv), authorizing such court to render such judgment as should have been entered below, could, on reversal, render final judgment, notwithstanding Section 101, L. O. L., which provides that after the overruling of a demurrer interposed in good faith the court, in its discretion, may allow a party to plead over.

From Clatsop: JAMES A. EAKIN, Judge.

Statement by MR. JUSTICE BEAN.

This is an action by the State of Oregon against Clatsop County to collect a balance of $4,207.50 State taxes apportioned to that county for the year 1909. The trial court sustained a demurrer to the complaint and dismissed the action. Plaintiff appeals.

The substance of the allegation of the complaint are as follows:

"That Clatsop County is an organized political division of the State of Oregon, with defendant William A. Sherman as county treasurer; that the Governor, Secretary of State, and State Treasurer, acting as a board, met an organized on February 2, 1909, to ascertain the amount of revenue necessary for State purposes for the ensuing year, and to adjust and equalize the assessments for the several counties of the State; that they met from time to time until the 24th day of February, 1909; when they duly adjusted such assessments and apportioned the amount of revenue among the several counties in the manner authorized by Chapter 14, General Laws of Oregon, 1909; that they sent due notice thereof to the respective counties of the State; that the proportion of the State revenue so apportioned to Clatsop County was $31,237.50, one half of which came due May 1, 1909, and the other half November 1, 1909; that on April 26, 1909, defendant William A. Sherman, as county treasurer, paid the sum of $13,515 on the first half of the State taxes, leaving a balance of $2,103.75 unpaid; that on October 26th of the same year another payment of $13,515 was made on the second half of the taxes, leaving a like balance thereon;

that no part of these sums has been paid; and that the same is now due, with interest from the time delinquent."

The defendants filed a general demurrer, which was sustained by the court. The plaintiff not desiring to plead further, the court rendered judgment, dismissing the action.    AFFIRMED.

For the State there was a brief over the names of *Mr. Andrew M. Crawford,* Attorney General, *Mr. Isaac H. Van Winkle,* Assistant Attorney General, and *Mr. James W. Crawford,* Assistant Attorney General, with an oral argument by *Mr. Van Winkle.*

For respondent there were oral arguments by *Mr. Edmund B. Tongue,* District Attorney, and *Mr. Howard M. Brownell.*

MR. JUSTICE BEAN delivered the opinion of the court.

1. No brief has been filed on behalf of defendants. We are informed by the Attorney General that counsel in the lower court contended that it was necessary for each step, in the proceedings taken by the State board to ascertain the amount of revenue to be raised, to be pleaded, in order to show the authority of the board in making the apportionment. It is maintained on behalf of the State that such matters are facts which the law presumes to exist, and therefore need not be pleaded; that, if the *prima facie* existence of such facts is questioned, it is incumbent upon the defendants to allege and prove the contrary. No motion was directed to the pleading, for the reason that the same was too general.

Section 798, L. O. L., enumerates the presumptions that are conclusive. It is enacted by Section 799, L. O. L., that all other presumptions are satisfactory, unless overcome. These are denominated "disputable presumptions," and may be controverted by other evidence, among which is that contained in subdivision 15 (Section 799, L. O. L.), "that official duty has been regularly performed."

2. It is an ancient and well-established rule that, where the law presumes a fact to exist, it need not be stated in the pleading; but if it is to be put in issue the contrary averment must come from the other side. 1 Chitty, Pleading (16 ed.) *243; Bliss, Code Pleading (3 ed.) § 175; Phillips, Code Pleading, § 348; Baylies' Code Pleading and Practice (2 ed.) p. 48; *Thomas* v. *Bowen,* 29 Or. 258, 267 (45 Pac. 768) ; *Cooper* v. *Phipps,* 24 Or. 357 (33 Pac. 985: 22 L. R. A. 836).

The act referred to (Laws of 1909, p. 57) makes it the official duty of the State board to prepare a tabulated statement of expenses and deficiencies to which the State will be subject during the fiscal year, for which the levy of taxes is computed, and, after deducting any available surplus, to apportion among the several counties the amount of revenue necessary to be raised for the ensuing year for State purposes.

3. The complaint alleges that the State officers ascertained the amount of revenue to be allotted to the several counties. It was unnecessary to allege any facts showing the method by which the board arrived at the amount apportioned to the defendant county. While these facts need not be averred in the complaint, by reason of the presumption, yet such presumption is not conclusive, and the defendants could have tendered an issue in regard thereto. But the officers of the county cannot rely upon their own conclusions in the matter, as against those of the proper State officials. *School District No. Two* v. *Lambert,* 28 Or. 209 (42 Pac. 221) ; *National Bank of D. O. Mills & Co.* v. *Herold,* 74 Cal. 603 (16 Pac. 507: 5 Am. St. Rep. 476) ; *Dubuc* v. *Voss,* 19 La. Ann. 210 (92 Am. Dec. 526).

In the case of *School District No. Two* v. *Lambert,* 28 Or. 209 (42 Pac. 221), Mr. Justice MOORE, at page 220 of 28 Or., at page 224 of 42 Pac., of the opinion, said:

"It is another rule equally well settled that it is unnecessary to allege in a pleading any facts the existence

of which the law will presume; * * and, since the law presumes that official duty has been regularly performed, * * it was unnecessary to allege any facts showing the method by which the county superintendent arrived at the conclusion that there were 150 persons of school age in district No. 2."

4. The demurrer admits all the facts well pleaded in the complaint. That the board performed its duties, and the manner in which it performed them, in ascertaining the amount of State revenue to be raised by apportionment to the several. counties, is presumed. No other defect in the complaint being pointed out, we hold that the complaint states a cause of action, and that the demurrer should be overruled. The judgment of the lower court will therefore be reversed.

5. Section 101, L. O. L., provides that after the decision upon a demurrer, if it be overruled, and it appears that such demurrer was interposed in good faith, the court may, in its discretion, allow the party to plead over upon such terms as may be proper. The complaint in this case was filed on May 28, 1910. Judgment was rendered in the circuit court November 1, 1911. No request has been made that the court exercise its discretion and allow the defendants to plead over. Therefore, under Article VII, Section 3, of the Constitution of Oregon, as amended November 8, 1910 (L. O. L., p. xxiv), which changes the mode of procedure, a judgment is directed to be entered as prayed for in the plaintiff's complaint.

REVERSED: JUDGMENT RENDERED FOR APPELLANT.