STATE EX REL. THOMPSON, RELATRIX, v. DISTRICT
COURT ET AL., RESPONDENTS.

(No. 5,871.)

(Submitted January 4, 1926.  Decided January 11, 1926.)

[242 Pac. 959.]

*Certiorari — Adoption — Order Made Without Jurisdiction —
Absence of Consent of Parent and of Notice of Proceeding
—Presumptions.*

Adoption—Consent of Parent Essential to Jurisdiction to Make Order.
    1.  Under °section 5859, Revised Codes of 1921, providing that a
legitimate child cannot be adopted without the consent of its parents,
and section 5861 declaring that consent must be in writing, the court
was without jurisdiction to enter an order of adoption where, the
father consenting, the written consent of the mother was absent.

Same—Notice of Proceeding Prerequisite.
    2.  While the adoption statute does not provide in express terms for
notice to an absent parent of an application of adoption, it does so
by necessary implication, and where notice was not given to enable
the parent to defend against the charge of abandonment, the court
was without power to issue an order of adoption.

Notice Essential Element of Due Process.
    3.  Notice to a party whose rights are to be affected by a judicial
proceeding is an essential element of due process.

Courts—Jurisdiction Given by Special Statute—Presumption in Favor of
Acts of Court Does not Obtain.
    4.  Where statutory powers are given the district court which are
exercised in a special manner and not according to the course of the
common law, the presumption in favor of the acts of a court of
general jurisdiction does not obtain, but every fact essential to the
exercise of the special jurisdiction so conferred must appear from
the record.

Adoption—Failure of Record to Show Jurisdictional Facts—Presumption
of Regularity not Available.
    5.  Under the above rule. (par. 4), *held* that where the record in an
adoption proceeding did not contain the written consent of the mother
and failed to disclose that notice of the pendency of the proceeding

---

    1.  Validity of adoption of child without consent of natural parents,
see note in Ann. Cas. 1914A, 221; 30 L. R. A. (n. s.) 146.
    Constitutionality of statute permitting adoption of child without con-
sent of parents, see note in 18 L. R. A. (n. s.) 926.
    Necessity of notice to parents before adoption of child, see note in
24 A. L. R. 416.
    2.  See 1 R. C. L. 607.
    3.  See 6 R. C. L. 446.
    5.  See 1 R. C. L. 628.

had been given her and she was not present at the hearing, a recital in the order of adoption that all persons whose presence was necessary were present at the hearing was not sufficient to warrant the presumption that she was present and hence had actual notice of the proceeding, as against the contention that the court was without jurisdiction to proceed.

Same—Order Made Without Jurisdiction—*Certiorari* Proper Remedy.

6. Since an order of adoption is not appealable and the writ of *habeas corpus* is inadequate for the purpose of setting aside such an order made without jurisdiction, the writ of *certiorari* is the proper remedy, within the rule permitting the issuance of the latter writ only where there is no appeal nor any other plain, speedy and adequate remedy.

Same—Who may Adopt Minor Child.

7. Under section 5856, Revised Codes of 1921, only persons who are or may become citizens of the United States may adopt a minor child.

---

[1] Adoption of Children, 1 C. J., sec. 71, p. 1385, n. 24.

[2] Adoption of Children, 1 C. J., sec. 72, p. 1386, n. 27; sec. 87, p. 1389, n. 63.

[3] Constitutional Law, 12 C. J., sec. 1006, p. 1228, n. 16.

[4] Courts, 15 C. J., sec. 148, p. 831, n. 35; sec. 160, p. 842, n. 99.

[5] Courts, 15 C. J., sec. 160, p. 842, n. 99.

[6] Adoption of Children, 1 C. J., sec. 102, p. 1391, n. 4, 5, 6. *Certiorari,* 11 C. J., sec. 55, p. 112, n. 66; sec. 57, p. 113, n. 78.

[7] Adoption of Children, 1 C. J., sec. 6, p. 1375, n. 46 New.

●

Original application for writ of *certiorari* by the State of Montana, on the relation of Maggie May Thompson, against the District Court of the Thirteenth Judicial District in and for the County of Carbon and Robert C. Stong, a Judge thereof, to annul an order of adoption. Order annulled.

*Mr. F. Reed McBride* and *Mr. John A. Shelton,* for Relatrix, submitted a brief; *Mr. Shelton,* argued the cause orally.

*Mr. John G. Skinner,* for Respondents, submitted a brief and argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On September 2, 1924, W. A. Bruckert and Ella Bruckert filed in the district court of Carbon county their joint application for the adoption of James Reed Thompson, a

minor.  The application recites that W. A. and Ella Bruck-ert are husband and wife, residents of Carbon county, each over the age of twenty-one years; that James Reed Thompson is of the age of six years and five months, of the same race as the petitioners, and for more than a year has been in the custody of the petitioners with the approval of his father, who consents to the adoption; that Maggie Thompson, the mother of the child, resides at Portland, Oregon, and "has abandoned the said minor child for more than one year."

The petitioners, the minor child, and Thomas J. Thompson appeared in court.  Thomas J. Thompson, who designates himself father of the child, gave his consent in writing to the adoption, and the petitioners executed and filed the agreement required by section 5861, Revised Codes of 1921.  Thereupon the court made and caused to be entered an order of adoption, which, among other things, provides that the minor child shall assume the name James Reed Thompson Bruckert.

The present proceeding was instituted by Maggie Thompson [1] to secure a writ of review, and by that means an annulment of the order of adoption.  The writ was issued, and in response thereto the clerk of the district court has certified to us the complete record of the adoption proceeding.  This record does not include the consent of the mother of the child, and since such consent, if given, must have been in writing and would have constituted a part of the record, its absence is conclusive evidence that it was not obtained—indeed, it is conceded that the mother did not give her consent.  The record also fails to disclose that any notice of the pendency of the adoption proceeding was ever given; on the contrary, it appears affirmatively that notice could not have been given, for the application, consent and agreement referred to were filed and the order of adoption was made on the same day.

It is the contention of the mother that, since she did not consent to the adoption and did not have any notice of the

pendency of the proceeding, the court acted without jurisdiction in making the order.

So much of section 5859, Revised Codes, as is material here, reads as follows: "A legitimate child cannot be adopted without the consent of its parents, if living; nor an illegitimate child without the consent of its mother, if living; except that consent is not necessary from a father or mother deprived of civil rights, or adjudged guilty of adultery or of cruelty, and for either cause divorced, or adjudged to be an habitual drunkard, or who has been judicially deprived of the custody of the child on account of cruelty or neglect, or who has, in this or any other state, willfully abandoned a child, or caused the same to be maintained in any public orphans' asylum for one year without contributing to the support of said child; neither is the consent of anyone necessary in the case of an abandoned child," *etc.*

Section 5861 provides that every person whose consent is necessary, if within or a resident of this state, must appear in court and give consent in writing, or, if such person is not within or a resident of this state, then the consent in writing, duly proved or acknowledged, must be filed in court at the time the application for adoption is made.

From these provisions it follows that the consent of the [2] mother was indispensable, unless she comes within one of the exceptions mentioned in section 5859. The only attempt made to bring her within any of those exceptions, and thereby obviate the necessity of securing her consent, is found in the allegation of the application that she had abandoned the child. If this allegation be true, her consent was not necessary; but before a valid order of adoption could be made without her consent, the court must have determined that she had abandoned the child, and to adjudicate that she had abandoned her own offspring, without notice to her or an opportunity to appear and defend against the charge, is a doctrine that will not be countenanced.

In *Schlitz* v. *Roenitz*, 86 Wis. 31, 39 Am. St. Rep. 873, 21 L. R. A. 483, 56 N. W. 194, the court said: "The contention that the county court could, without notice to the plaintiff or opportunity to him to defend against the charge of abandonment, grant an order depriving the plaintiff of his most sacred natural rights in respect to his child, so jealously guarded and protected by the laws, offends against all our ideas respecting the administration of justice, and is opposed to the principles which lie at the foundation of all judicial systems not essentially despotic in their character and methods of procedure."

It is an elementary and fundamental principle of law that [3] notice to a party whose rights are to be affected by a judicial proceeding is an essential element of due process. (12 C. J. 1228.) In *Windsor* v. *McVeigh,* 93 U. S. 274, 277, 23 L. Ed. 914, the court, speaking to this question, said: "Whenever one is assailed in his person or his property, there he may defend, for the liability and the right are inseparable. This is a principle of natural justice, recognized as such by the common intelligence and conscience of all nations. A sentence of a court pronounced against a party without hearing him, or giving him an opportunity to be heard, is not a judicial determination of his rights, and is not entitled to respect in any other tribunal.   *   *   *   Until notice is given, the court has no jurisdiction in any case to proceed to judgment, whatever its authority may be, by the law of its organization, over the subject matter."

It follows that notice to the mother was indispensable, and, unless she had notice, the order of adoption is void. (*State ex rel. Sheedy* v. *District Court,* 66 Mont. 427, 213 Pac. 802.) The decided cases sustaining this rule are too numerous to be cited here. They will be found collected in a note to 24 A. L. R. 416, 422.

In the order of adoption the court recited: "That the [4, 5] said petitioners and all persons whose presence is

necessary have been present at this hearing," *etc.* From this recital defendants insist that the presumption must be indulged that the mother was present in court when the hearing was in progress, and hence had actual notice of the pendency of the proceeding. Whether the recital above would be sufficient to withstand a direct attack upon the order if the court had been exercising its general jurisdiction is a question we need not stop to consider.

The legal adoption by one person of the offspring of another was unknown to the common law. In this state, and in the states of the Union generally, it is the creature of statute, and, though the proceeding here is had in our district courts, the jurisdiction is conferred by the statute, is exercised in a special manner and not according to the course of the common law. Under these circumstances the rule is uniform that the presumption in favor of the acts of a court of general jurisdiction does not obtain (*Galpin* v. *Page*, 18 Wall. 350, 367, 21 L. Ed. 959); on the contrary, every fact essential to the exercise of the special jurisdiction conferred must appear from the record.

"It is an established rule that when a court of general jurisdiction has special and statutory powers conferred upon it, which are wholly derived from statute, and not exercised according to the course of the common law, or are not part of its general jurisdiction, it is to be regarded as *quoad hoc* an inferior or limited court, and its judgments to be treated accordingly, that is, its jurisdiction must appear on the record and cannot be presumed." (1 Black on Judgments, sec. 279; *Morse* v. *Presby*, 25 N. H. 299; *Furgeson* v. *Jones*, 17 Or. 204, 11 Am. St. Rep. 808, 3 L. R. A. 620, 20 Pac. 842; *Ex parte Clark*, 87 Cal. 638, 25 Pac. 967; *Vaughan* v. *Hubbard*, 38 Idaho, 451, 221 Pac. 1107; *Ex parte Parnell* (Okl. Cr. App.), 200 Pac. 456; 1 Freeman on Judgments, 5th ed., sec. 389; 15 C. J. 831; 15 R. C. L. 883.)

Our attention is directed to *In re McKeag's Estate,* 141 Cal. 403, 99 Am. St. Rep. 80, 74 Pac. 1039, wherein a recital in an order of adoption somewhat similar to the recital in the order before us was held to be sufficient to show the presence in court of the parent, the father of the child; but in that proceeding the father actually gave his consent in writing to the adoption, and the order recited "that the petitioner and said minor child and all other persons whose consent is necessary have appeared herein." Furthermore, the attack there was made in a collateral proceeding, and whether under like circumstances we would reach the same conclusion is not material now. It is sufficient to say that the decision does not reflect upon the question before us.

While our adoption statute does not provide for notice in express terms, by necessary implication it requires that notice be given to the parents even though they may be non-residents of this state. (1 Cal. Jur. 429.)

It is insisted by defendants that the jurisdiction of the [6] district court could have been tested by *habeas corpus* proceeding, and therefore the writ of review ought not to have been issued. It is true that in this state a writ of review issues only in case there is not an appeal, or, in the judgment of the court, any other plain, speedy and adequate remedy. (Sec. 9837, Rev. Codes.) The order of adoption is not appealable (sec. 9731), hence the inquiry: Is the remedy by *habeas corpus* plain, speedy and adequate?

The order of adoption, if permitted to stand, fixes the legal status of the child; it changes the relationship of the child to its natural parents (sec. 5864), establishes a new relationship as between it and the foster-parents, affects the course of descent, and, as in this instance, gives the child a new name (sec. 5863). It must be conceded that a judgment in *habeas corpus* could not go further than to determine the legality of the custody of the child. It could not obliterate the record made in the adoption proceeding, which is the very

end sought to be accomplished by the writ of review. For this reason we hold that the remedy by *habeas corpus* is not adequate, and that the writ of review was issued properly.

In passing, we direct attention to the fact that in this state **[7]** only persons who are, or who may become, citizens of the United States may adopt a minor child (sec. 5856, Rev. Codes), and that it does not appear from the record before us that either W. A. or Ella Bruckert possesses this necessary qualification.

It is our conclusion that by reason of the failure to secure the consent of the mother, or, in lieu thereof, to give notice to her of the pendency of the adoption proceeding, the order of adoption as to her is void, and accordingly it is annulled.

*Order annulled.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, STARK and MATTHEWS concur.