BOHON, RESPONDENT, *v.* BITTER ROOT SALES CO. ET AL., DEFENDANTS; BITTER ROOT SALES CO., APPELLANT.

(No. 6,285.)

(Submitted April 2, 1928. Decided April 9, 1928.)

[266 Pac. 645.]

*Appeal from Judgment Directing Verdict — Record on Appeal—Absence of Bill of Exceptions—Evidence Incorporated in Record Under Certificate of Court Reporter—Motion to Strike Proper.*

1. The record on appeal from a judgment entered on a direced verdict contained, inter alia, the evidence taken at the trial certified by the court stenographer as correct. There was no bill of exceptions. The assignment of error was that the court erred in directing a verdict, determination of which necessitated a review of the evidence. *Held,* under section 9390, Revised Codes

1921, that a party appealing from a final judgment who desires to have the proceedings at the trial reviewed, must have the same incorporated in a bill of exceptions; that the evidence, not having been incorporated in such a bill, the supreme court may not review it and on motion of respondent will be stricken from the record as not properly before the court.

---

[1]   Appeal and Error, 4 C. J., sec. 1786, p. 180, n. 34; sec. 2739, p. 786, n. 35.

*Appeal from District Court, Ravalli County; James M. Self, Judge.*

ACTION by Homer W. Bohon against the Bitter Root Sales Company and others. Judgment for plaintiff and the named defendant appeals. Affirmed.

*Mr. Harry H. Parsons* and *Mr. George T. Baggs,* for Appellant, submitted a brief; *Mr. E. C. Kurtz* argued the cause orally.

*Messrs. O'Hara, Madeen & Grant,* for Respondent, submitted a brief; *Mr. Charles M. Madeen* argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

This action was instituted by the plaintiff to recover from the defendants the sum of $1,000, alleged to be due the plaintiff upon the sale of real estate belonging to him, and is predicated on fraud. In the complaint it is, in substance, alleged that on or about the fourth day of August, 1926, the plaintiff employed the defendants as his agents for the purpose of selling certain described lands in Ravalli county belonging to him; that the defendants, as such agents, secured a purchaser for the land on or about the before mentioned date; that at their request, while they were so acting as his agents, he conveyed the land to one Charles Neilsen; that thereupon the defendants made account to the plaintiff for the sum of $2,500, less commission and expenses, being the amount the defendants represented the land to have been sold for; that the defendants did

not pay over to the plaintiff the entire proceeds by them collected and received upon the sale of the land, "but that they fraudulently withheld and concealed, and are now so fraudulently withholding and concealing, from the plaintiff, with intent to deceive, defraud, and cheat the plaintiff of a portion of the purchase money and proceeds, from said sale, to wit, the sum of $1,000 in cash received by said defendants" in excess of the sum accounted for by them. The prayer is for judgment in the sum of $1,000, together with interest from the date the money is alleged to have been converted by the defendants.

The defendants answered separately, and issue was joined by replies filed to the answers. The cause was brought on for trial before the court sitting with a jury, and at the conclusion of the plaintiff's case both defendants rested. Thereupon the court directed a verdict in plaintiff's favor for the full amount prayed for in plaintiff's complaint, against both defendants, upon which verdict judgment was regularly entered. The defendant Bitter Root Sales Company has appealed from the judgment.

The transcript contains, first the pleadings, then the evidence taken at the trial, certified by the court stenographer as correct, followed by the verdict and judgment. There was no bill of exceptions settled or allowed by the court. The only assignment of error relied upon by the appellant is that the court erred in directing a verdict, as to which a determination is possible only from a review of the evidence.

At the outset we are confronted with a motion by the plaintiff to strike from the transcript the stenographer's notes of evidence taken at the trial, for the reason that the same does not appear to have been prepared, served and settled in a bill of exceptions, as required by section 9390 of the Revised Codes of 1921. That section, so far as pertinent here, requires that, where a party appeals from a final judgment, "if he desires to present on appeal the proceedings had at the trial, must * * * prepare and file with the clerk of the court and

serve upon the adverse party a bill of exceptions, containing all of the proceedings had at the trial upon which he relies, * * * in which bill the evidence shall * * * be stated in narrative form.''

However, it appears that the record in this case was prepared in an attempt to follow the provisions of Chapter 149 of the Laws of 1915, which statute has not been in effect since the enactment of Chapter 225 of the Laws of 1921, which later Act embraces the provisions of section 9390 of the Revised Codes of 1921, referred to above. While, in the title of the Act of 1921, express repeal of ''Chapter 148 of the Fourteenth Legislative Assembly of Montana'' appears as a purpose of the Act, yet it is manifest from the remainder of the title that Chapter 149, and not Chapter 148, of the 1915 Laws, was intended, for the all-sufficient reason that the title of the Act expresses the purpose generally of revising the ''civil and criminal practice Acts of Montana, relating to exceptions, bills of exceptions, new trials and appeals.'' Chapter 149 deals with the subject, whereas Chapter 148 relates to the time of meetings of boards of county commissioners, an entirely different subject. At any rate, the later enactment supersedes the former, and constitutes the present law on the subject.

By the statute (section 9390) a party appealing from a final [1] judgment must, if he desires to have the proceedings at the trial reviewed, have the same incorporated in a bill of exceptions. Its provisions are plain and easily understood, and we consider the practice as settled. (*Montana Mausoleum Co.* v. *Fava,* 66 Mont. 128, 212 Pac. 515; *In re Bitter Root Irr. Dist.,* 67 Mont. 436, 218 Pac. 945; *Midland Nat. Bank* v. *Hegna,* 68 Mont. 544, 219 Pac. 628; *Weibush* v. *Jefferson Canal Co.,* 68 Mont. 586, 220 Pac. 99; *Atkinson* v. *Roosevelt County,* 71 Mont. 165, 227 Pac. 811.)

The evidence is not properly before us for review, and in consequence plaintiff's motion to strike from the record must be and is hereby sustained.

Thus we have only the judgment-roll before us for consideration, and as, in our opinion, a cause of action is stated in the complaint, it will be assumed that the evidence supports the judgment, and it is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MYERS, STARK and MATTHEWS concur.