BOND LUMBER CO., Appellant, *v.* TIMMONS, and MILK RIVER MOTOR CO. (Intervener), Respondents.

(No. 6,310.)

(Submitted May 9, 1928. Decided May 31, 1928.)

[267 Pac. 802.]

*Conversion—Automobiles—Pleadings—Sufficiency—Transfer of Title—Provisions of Motor Vehicle Law not Exclusive—Appeal — Absence of Evidence from Record — Presumption — Bill of Exceptions—Record.*

Appeal — Where Bill of Exceptions not Settled It will be Stricken from Record.
1. Where appellant on his appeal from a final judgment desires review of the proceedings had at the trial, he must have them incorporated in a bill of exceptions, settled as provided in section 9390, Revised Codes 1921; if the bill, though incorporated in the record, was not so settled, it will be ordered stricken, leaving for consideration only the judgment-roll.

Conversion—Automobiles—Allegation of Ownership and Right of Possession in Complaint in Intervention *Held* Sufficient.
2. In an action for the conversion of an automobile by a buyer thereof from one who had purchased it from a dealer under a conditional sale contract before it had been fully paid for, answer of defendant sheriff who seized it at the direction of the dealer and complaint in intervention of the latter, averring ownership in the dealer, setting up the sale contract, made a part

---

1. See 2 Cal. Jur. 542.

of both pleadings, its filing of record, breach of its conditions and right of possession in intervener under the terms of the contract, sufficiently pleaded ownership to counter alleged conversion.

Same—Transfer of Ownership—Provisions of Motor Vehicle Law not Exclusive.

3. *Held*, that Chapter 113, Laws of 1925, the Motor Vehicle Law, providing *inter alia* for the regulation of transfer of ownership of automobiles, was intended solely as a police regulation and not to establish an exclusive method of transfer of title, and that, therefore, a dealer who intervened in an action for the conversion of a car sold by him under a conditional sale contract was not required to plead in his complaint that in making the sale he had complied with the provisions of the Act.

Appeal—Absence of Evidence from Record—Presumption.

4. It will be presumed on appeal from the judgment where the' record does not contain a bill of exceptions properly settled that the evidence was sufficient to sustain the result reached.

---

[1]  Appeal and Error, 4 C. J., sec. 1786, p. 183, n. 35; sec. 1950, p. 324, n. 41.
[2]  Trover and Conversion, 38 Cyc., p. 2073, n. 30.
[3]  Motor Vehicles, 42 C. J., sec. 305, p. 775, n. 95, 98.
[4]  Appeal and Error, 4 C. J., sec. 2739, p. 786, n. 35.

*Appeal from District Court, Hill County; Charles A. Rose, Judge.*

ACTION by the Bond Lumber Company against R. C. Timmons, wherein the Milk River Motor Company intervened. Judgment for defendant and intervener, and plaintiff appealed. Affirmed.

*Mr. C. R. Stranahan,* for Appellant, submitted a brief and argued the cause orally.

*Mr. Max P. Kuhr,* for Respondents, submitted a brief and argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

On December 27, 1926, this action was instituted by the Bond Lumber Company, as plaintiff, against R. C. Timmons, as defendant, to recover damages for the alleged conversion of a

---

3.  See Cal. Jur. 1926 Supp., p. 241, sec. 57.
4.  See 2 Cal. Jur. 877.

Ford automobile on December 24, 1926. The defendant filed an answer denying affirmative matters alleged in the plaintiff's complaint, and, by way of affirmative defense, averred that on and prior to November 29, 1926, the Milk River Motor Company, a corporation, of Havre, Montana "became and was the owner and in the possession and entitled to the possession" of the automobile; that on that date it agreed to sell it to one Palmer O. Gorder, of Hill county, for the sum of $596.85, of which amount the sum of $400 was paid before delivery of the automobile to Gorder, and that the latter agreed to pay the balance, amounting to $196.85, within three months thereafter, and thereupon executed and delivered a conditional sale contract covering the transaction, which was duly filed for record, a copy of which is appended as a part of the answer; that ever since the execution of such contract the "Milk River Motor Company has been and still is entitled to the possession" of the automobile. It is then alleged that prior to December 23, 1926, the terms of the contract were by Gorder breached, "in that he transferred his interest in said contract and said automobile to this plaintiff; that on December 23, 1926, the Milk River Motor Company, deeming the said automobile in danger of misuse or confiscation, elected to, and did, declare the entire unpaid balance due under said contract immediately due and payable, and did elect to exercise the powers given to it under the terms of said conditional sale contract"; that it "regularly made and constituted this defendant as its agent for the purpose of seizing, repossessing, and selling said automobile; and that, after notice of sale duly and regularly given as provided in said contract" and by the laws of Montana, the defendant, as the agent of the Milk River Motor Company, sold the automobile at public auction.

The Milk River Motor Company intervened in the action, and by its complaint made claim of ownership and right of possession to the automobile upon allegations similar to those contained in the defendant's answer.

Upon issue joined, the cause was tried before a jury, and at the conclusion of all of the evidence introduced by the parties to the action the court submitted but one question to the jury, viz., the value of the automobile at the time of its alleged conversion. The jury found such value to be the sum of $375, and thereupon judgment was by the court entered in favor of the defendant and the intervener; it being decreed that the plaintiff take nothing by reason of the action and that it be required to pay the costs. The plaintiff has appealed from the judgment.

At the outset, we are confronted with motions made by the respondents to dismiss the appeal (1) by reason of the appeal not having been taken within the time prescribed by statute, and (2) to strike from the transcript all of that portion thereof designated as a bill of exceptions, in consequence of the same not having been settled and allowed as provided by law.

There is no merit in the first of such motions, as the appeal appears to have been perfected five days before the expiration of the time limit of six months prescribed by the statute. (Sec. 9732, Rev. Codes 1921.) Judgment was entered on July 12, 1927, and the appeal therefrom was regularly taken on January 7, 1928.

On oral argument counsel for the plaintiff concedes that [1] the motion to strike the bill of exceptions from the record is well taken, under the decision of this court in the recent case of *Bohon* v. *Bitter Root Sales Co., ante,* p. 260, 266 Pac. 645. The proceedings had at the trial may not be by us considered, not having been incorporated in a bill of exceptions allowed and settled as provided by the statute. (Sec. 9390, Rev. Codes 1921; *Bohon* v. *Bitter Root Sales Co.,* supra.) Thus we have before us for consideration only the judgment-roll.

The affirmative defense in the answer and the allegations [2] of the complaint in intervention aver ownership of the automobile in the intervener, the execution of a conditional sale contract with Gorder, annexed and made a part of both

pleadings, its filing of record, breach of its conditions by Gorder, and the assertion by the intervener of the right of possession of the automobile, coupled with such right under the terms of the contract. In our opinion, the allegations of ownership are sufficiently pleaded to counter the alleged conversion.

However, the plaintiff challenges the sufficiency of the com-

[3]    plaint in intervention, for failure to allege and show affirmatively compliance with the Motor Vehicle Law. (Chap. 113, Laws of 1925.) This objection is wholly without merit. This statute is intended solely as a police regulation and was never intended to establish an exclusive method of transfer of title to an automobile.

The case of *General Motors Acceptance Corp.* v. *Dallas,* 198 Cal. 365, 245 Pac. 184, cited by the plaintiff, and that of *Parke* v. *Franciscus,* 194 Cal. 284, 228 Pac. 435, are not authority in the instant case, as the California statute is wholly different. There the statute specifically requires a compliance with the procedure therein set forth in order to effect a change in title to a motor vehicle. (Sec. 8, Statutes of California of 1915, as amended by Statutes of 1919, p. 199; and sec. 45 of Chap. 266, p. 517, Statutes of 1923.) Not so with our statute.

We have carefully examined the answer of the defendant

[4]    and the complaint in intervention, and, finding both sufficient upon which to predicate the judgment, it will be presumed that the evidence introduced sustains the judgment. (*Bohon* v. *Bitter Root Sales Co.,* supra.)

Accordingly, the judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MYERS, STARK and MATTHEWS concur.