# THELEN, Respondent, *v.* VOGEL et al., Appellants.

(No. 6,489.)

(Submitted September 30, 1929.   Decided October 31, 1929.)

[281 Pac. 753.]

34

*Mr. Rufus Hopkins* and *Messrs. Ayers & Ayers,* for 'Appellants, submitted a brief; *Mr. Frank Polutnik, Jr.,* of Counsel, argued the cause orally.

*Mr. Oscar M. Ulsaker* and *Mr. Ralph J. Anderson,* for Respondent, submitted a brief; *Mr. Anderson* argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

In April, 1926, Michael Thelen brought suit to foreclose a mortgage executed in 1916 by Anna K. Vogel, as guardian of three minors; with the guardian, as mortgagor, he joined the three erstwhile minors and a stranger to the mortgage as de-

fendants. The stranger defaulted. The guardian and the three remaining defendants demurred; the demurrer was overruled, and thereafter the guardian alone answered, denying that she had authority to execute the mortgage, and alleging payment of the mortgage notes. Plaintiff joined issue, as to the affirmative allegations of the answer, by reply.

The default of all defendants, except Anna K. Vogel, was duly entered and the cause proceeded to trial by the court and terminated in a judgment and decree in favor of plaintiff, and thereupon a notice of appeal was duly served and filed, stating that "the above named defendants and each of them * * * jointly and severally hereby appeal * * * from the judgment and decree. * * * " The then counsel for defendants filed herein a transcript containing the judgment-roll and what purports to be all of the evidence adduced on the trial, and a brief specifying many alleged errors based on rulings of the court and asserted insufficiency of the evidence to justify the judgment.

Thereupon plaintiff moved this court, on notice, to strike the evidence from the transcript on the ground that it was not incorporated in a bill of exceptions; this motion was granted and the evidence stricken.

The defendants then secured new counsel, who, in oral argument on the hearing here, abandoned the assignments of error made and challenged the sufficiency of the complaint on the ground that the appointment and qualification of the guardian and her authority to execute the mortgage are not properly pleaded. This argument is based upon the assertion that the district court, sitting in probate, is an inferior court of special, limited jurisdiction.

Certain objections to the court's findings of fact and conclusions of law were also urged, but these could have merit only if the record contained a bill of exceptions; as it does not, we may consider only the judgment-roll (sec. 9390, Rev. Codes 1921; *Bohon* v. *Bitter Root Sales Co.*, 82 Mont. 260, 266 Pac. 645), and must presume that the evidence was

sufficient to warrant the result reached (*Bond Lumber Co.* v. *Timmons,* 82 Mont. 497, 267 Pac. 802).

While the defendants have not complied with the requirements of rule X of this court by making a written specification of error based upon the overruling of their demurrer, specification 1 made contains an assertion that the guardian's authority is not sufficiently pleaded, and, as appearing counsel did all that was possible for his clients in the embarrassing situation in which they found themselves, we will consider the sufficiency of the complaint, without the benefit of briefs on the question raised. However, as Anna K. Vogel, guardian, answered over and went to trial, and the record here contains no bill of exceptions, as to her appeal, we must assume that the proof was ample and consider the complaint as amended to conform thereto. (*Shaw* v. *McNamara & Marlow,* 85 Mont. 389, 278 Pac. 836; *Blackwelder* v. *Fergus Motor Co.,* 80 Mont. 374, 260 Pac. 734.)

Plaintiff contends that the complaint is assailed here for the first time, as to substance, and the attack should therefore be looked upon with disfavor and every reasonable inference drawn from the facts stated to support it, citing the *Blackwelder Case,* above. But the three young women who were minors in 1916 and have since reached their majority—the owners of the mortgaged premises—must, on the record, be considered as having demurred to the sufficiency of the complaint, stood on their demurrer, and suffered default judgment to be entered against them, and thereafter appealed from the judgment, thus requiring consideration of the sufficiency of the complaint tested by the demurrer.

The challenged portion of the complaint is that "the third day of January, A. D. 1913, by order of the district court of the Tenth Judicial District * * * Anna K. Vogel was duly appointed guardian of the persons and estates of [the minors named] and thereupon qualified * * * and letters of guardianship were issued to her, which letters have never been revoked and the said Anna K. Vogel ever since said date has been and now is the duly appointed, qualified

and acting guardian of the persons and estates of" the minors. It is then alleged that "pursuant to an order duly made and given by the said district court * * * the thirtieth day of September, A. D. 1916, authorizing, empowering and directing the * * * guardian * * * to mortgage the real estate belonging to the said minors to secure the payment of a note, * * * " the note and mortgage in suit were executed.

Section 9169, Revised Codes of 1921, provides that, "In pleading a judgment or other determination of a court, officer, or board, it is not necessary to state the facts conferring jurisdiction, but such judgment or determination may be stated to have been duly given or made."

The allegation as to authority is sufficient even under this provision; but the provision is not exclusive; the judgment therein referred to may still be pleaded by setting out the facts conferring jurisdiction. (*Weaver* v. *English,* 11 Mont. 84, 27 Pac. 396; *Himmelmann* v. *Danos,* 35 Cal. 441.) However, these alternate methods of pleading a judgment apply only to judgments of "inferior courts of special limited jurisdiction" and have no application to superior courts of general jurisdiction. (*Beach* v. *Spokane Ranch & Water Co.,* 25 Mont. 367, 65 Pac. 111; *Lynde* v. *Columbus Co.,* (C. C.) 57 Fed. 993; *Clark* v. *Nordholt,* 121 Cal. 26, 53 Pac. 400; *Rheinhart* v. *State,* 14 Kan. 322; *Fisher* v. *Kelly,* 30 Or. 1, 46 Pac. 146; *State* v. *Clatsop County,* 63 Or. 377, 125 Pac. 271.)

It has never been necessary to plead all of the facts showing jurisdiction in pleading the judgments of courts of record and general jurisdiction, as in such cases the presumption is in favor of jurisdiction and all things requisite to the validity of the judgment. (2 Black on Judgments, sec. 966, and cases cited.)

The statute under consideration does not change these rules, but merely simplifies the method of pleading judgments theretofore required to be pleaded with great particularity, if the pleader chooses to take this shortcut. (*Mears* v. *Shaw,* 32

Mont. 575, 81 Pac. 338; *Weller* v. *Dickinson,* 93 Cal. 108, 28 Pac. 854.)

There seems to exist a rather wide-spread misapprehension as to the nature of the jurisdiction of the district court when exercising its probate powers; it being assumed, as counsel for defendants here assume, that, when ''sitting in probate,'' the court is an inferior court of special limited jurisdiction, and therefore the first rule applies to the pleading of its judgments or other determinations. This misapprehension is perhaps justified by certain declarations of this court in former opinions, some of which deal directly with the question under consideration, while others are merely the announcement of general principles governing the practice in probate matters.

The question here presented has not heretofore been given careful consideration by this court although it has been touched upon in several opinions, in certain of which unfortunate expressions have been employed which have added to the confusion on the subject.

The rule respecting the pleading of judgments of courts of general jurisdiction has been recognized as applying, under certain circumstances, to the judgments of district courts in probate matters (*In re Bruhn's Estate,* 58 Mont. 526, 193 Pac. 1115; *In re Spriggs' Estate,* 68 Mont. 92, 216 Pac. 1108), while in *Henderson* v. *Daniels,* 62 Mont. 363, 205 Pac. 964, seemingly under the assumption that section 9169, above, applied to the pleading of all judgments, regardless of the status of the courts rendering them, it is held that, because the plaintiff did not allege his appointment as administrator in accordance with the first rule, he was not entitled to prove his appointment by introduction of the order in the probate proceeding.

In *Knight* v. *Le Beau,* 19 Mont. 223, 47 Pac. 952, although the question here under consideration was not before the court, as the question there was as to the capacity of the plaintiff to sue and, that question not being properly raised, the court held the complaint sufficient, it nevertheless condemned the laxity of pleading and clearly intimated that the first

rule applied to the judgment there pleaded. While the criticism of the complaint therein may, in part, have been justified, since it related to failure to plead testacy on the part of a deceased, this intimation, in view. of the disposition of the appeal, is but *obiter*.

In *State ex rel. Thompson* v. *District Court*, 75 Mont. 147, 242 Pac. 959, 961, the holding would warrant the application of the rule respecting the pleading of a judgment of an inferior court to the order of the district court there considered (i. e., in an adoption proceeding); but that holding is based upon the well-established rule that, ''when a court of general jurisdiction has special and statutory powers conferred upon it, which are wholly derived from statute, and not exercised according to the course of the common law, or are not part of its general jurisdiction, it is to be regarded as *quoad hoc* an inferior or limited court, and its judgments to be treated accordingly, that is, its jurisdiction must appear on the record and cannot be presumed.''

Except as noted in the three cases last considered, the rule with reference to the pleading of judgments of inferior courts has heretofore been applied by this court only to judgments and other determinations of justice courts and probate courts existing in territorial days. So long as we had established probate courts for the handling of probate matters, such a court was ''an inferior court of special and limited jurisdiction'' and the rule applied (*Harmon* v. *Comstock Horse & Cattle Co.*, 9 Mont. 243, 23 Pac. 470), and such was the holding in California under identical conditions (*Judah* v. *Fredericks*, 57 Cal. 389); but, on the adoption of our Constitution and laws enacted pursuant thereto, such courts were entirely done away with, as they had theretofore been in California.

The only courts mentioned in the Constitution are the senate, sitting as a court of impeachment, the supreme court, district courts, justice courts, ''and such other inferior courts as the legislative assembly may establish in any incorporated city or town,'' in which all of the judicial power of the state is vested. (Sec. 1, Art. VIII, Const.) The phrase beginning,

"and such other inferior courts," refers only to justice courts, and district courts are expressly declared to be courts of record and superior courts of general jurisdiction. (Sec. 25, Art. VIII, Id.; *Sanden* v. *Northern Pac. Ry. Co.,* 39 Mont. 209, 102 Pac. 145; *Beach* v. *Spokane Ranch & Water Co.,* above.)

The general jurisdiction of district courts is conferred upon such courts by the Constitution itself (sec. 11, Art. VIII), and is affirmed and restated in section 8829, Revised Codes 1921. This general jurisdiction is conferred alike and without differentiation to extend to all cases at law and in equity and criminal cases, except as therein limited, to actions in forcible entry and unlawful detainer, to proceedings in insolvency, to actions to abate a nuisance, to all matters in probate, to actions for divorce, and to all such special actions and proceedings as are not otherwise provided for in the Constitution. Therefore all matters of probate and, necessarily, the administration of all laws relating thereto, are now under the original jurisdiction of the district courts, as such. (*In re McFarland's Estate,* 10 Mont. 445, 26 Pac. 185.)

Necessarily, as the legislature has provided a complete Code of "Probate Proceedings" (Chapters 19 to 57, Part IV, Code of Civil Procedure 1921), the jurisdiction of the district court is limited to, and depends upon, these provisions of the Code. In this sense its powers are "special and limited"; yet by implication such a court also possesses all the powers incidentally necessary to an effective exercise of the powers expressly conferred. (*In re Davis' Estate,* 27 Mont. 490, 71 Pac. 757, 759; *In re Dolenty's Estate,* 53 Mont. 33, 161 Pac. 524; *Philbrick* v. *American Bank & Trust Co.,* 58 Mont. 376, 193 Pac. 59; *In re Stinger's Estate,* 61 Mont. 173, 201 Pac. 693; *In re Spriggs' Estate,* above; *In re Banks' Estate,* 80 Mont. 159, 260 Pac. 128).

However, this legislation is not such as is considered in *State ex rel. Thompson* v. *District Court,* above, as the statutory powers are but a part of the constitutional general jurisdiction of such courts, and it differs in no material manner from legislation found elsewhere in the Codes deal-

ing with other proceedings and matters falling within the general jurisdiction of the district court as defined in the Constitution, but the fact that such jurisdiction is so "special and limited" has, perhaps, by reason of certain unfortunate declarations of this court, given encouragement to the misapprehension above referred to and led to the conclusion, in certain quarters, that a district court "sitting in probate" acts in a different capacity than when sitting in an action at law or a suit in equity; that it then sits only as "a probate court," as the term was used prior to the adoption of the Constitution. The declarations of this court developing the rule last announced justify this statement.

Thus, in *State ex rel. Bartlett* v. *District Court*, 18 Mont. 481, 46 Pac. 295, the court states the rule that "the jurisdiction of the district court, sitting in probate, is limited to the powers conferred by statute," and in support thereof cites *In re Higgins' Estate*, 15 Mont. 474, 28 L. R. A. 116, 39 Pac. 506, which is in point, and *Chadwick* v. *Chadwick*, 6 Mont. 566, 13 Pac. 385, dealing only with probate courts as they existed before the Constitution was adopted, thus intimating that the rule applicable to probate courts applies also to district courts exercising their jurisdiction over matters in probate.

The Bartlett decision was thereafter followed in a number of decisions assembled in 1903 in the opinion in the matter of the *Davis' Estate*, above, wherein the court correctly stated the rule, now under consideration, to be that, "though the jurisdiction of the court when exercising its probate powers is, in a sense, special and limited, and depends upon the statute, * * * it also possesses all the powers incidentally necessary to an effective exercise of the powers expressly conferred." In other words, the general jurisdiction of the district court, in such cases, is special and limited only in the sense that, in the exercise of that jurisdiction, the court is controlled by the statutory provisions governing its procedure, except as to the exercise of further powers necessary to the effective exercise of the granted powers. In so exercising its powers it is still the district court exercising its probate powers, just as it exercises its

equitable powers or its powers granted in extraordinary proceedings, and is not a "probate court."

In *Bullerdick* v. *Hermsmeyer,* 32 Mont. 541, 81 Pac. 334, 336, this court, in dealing with certain orders or decrees of a probate court made prior to the adoption of the Constitution and a statutory provision, then existing, authorizing the probate court to decree specific performance of a contract made by deceased, correctly applied the rule that such a court has but special limited jurisdiction, but, in doing so, went beyond the necessities of the case by declaring that "probate courts, or district courts sitting in probate, have but a special, limited jurisdiction." No complaint would be made of this decision, had the court not used the unnecessary expression, "or district courts sitting in probate," thus impliedly declaring that the district court, while exercising its probate jurisdiction, it but a "probate court."

The court, while exercising its probate powers, is yet the ▮ district court, a court of record, exercising general jurisdiction granted by the Constitution, and the limitation upon its jurisdiction merely restricts such a court to the exercise of probate powers which it possesses, and does not, in any manner, affect the character of such a court as a superior court of general jurisdiction, and therefore, in considering, as we are here, the sufficiency of an allegation concerning a judgment or other determination of such a court, the rule with respect to a superior court of general jurisdiction, and not that with respect to an inferior court of special, limited jurisdiction, must apply. It is so held in sister states having similar constitutional and statutory provisions. (*San Francisco & F. L. Co.* v. *Hartung,* 138 Cal. 223, 71 Pac. 337; *Collins* v. *O'Laverty,* 136 Cal. 31, 68 Pac. 327; *Rutenic* v. *Hamakar,* 40 Or. 444, 67 Pac. 196; *Nolan* v. *Hughes,* 51 Or. 187, 93 Pac. 362, 94 Pac. 504; *Probate Judge* v. *Fillmore,* 1 D. Chip. (Vt.) 420; *Grignon's Lessee* v. *Astor,* 2 How. (U. S.) 340, 11 L. Ed. 283, construing the statute of Michigan; *Wolfley* v. *McPearson,* 61 Kan. 492, 59 Pac. 1054.) In the first case cited, under facts similar to those here presented, the supreme court of Cali-

fornia distinguished the case from that of *Judah* v. *Fredericks,* above, and in *Nolan* v. *Hughes,* above, the supreme court of Oregon, after stating the rule as above announced, declared "this rule is sustained by all of the authorities"; we agree that it should be so sustained, and therefore, in so far as the decision in *Henderson* v. *Daniels,* above, conflicts with the holding herein, it is hereby expressly overruled.

As plaintiff was not required either to follow the wording of section 9169, above, or set up the facts showing jurisdiction in the district court, the complaint is not vulnerable to the objection urged against it. The judgment must therefore be affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, FORD and ANGSTMAN concur.